F I L E D ·
Clerk
District Court

JUL 2 9 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1  WILLIAM R. TAMAYO -- #084965 (CA)
   DAVID F. OFFEN-BROWN #063321 (CA)
2  LINDA ORDONIO-DIXON #172830 (CA)
   EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3  San Francisco District Office
   350 The Embarcadero, Suite 500
4  San Francisco, CA  94105-1260
   Telephone:  (415) 625-5654
5  Facsimile:  (415) 625-5657

6  Attorneys for Plaintiff

7           UNITED STATES DISTRICT COURT

8         FOR THE NORTHERN MARIANA ISLANDS

9  EQUAL EMPLOYMENT OPPORTUNITY          )    Civil Action No. 04-0028
   COMMISSION,                           )
10                                        )
                Plaintiff,                )
11                                        )
   v.                                     )
12                                        )    NOTICE AND MOTION FOR LEAVE TO
   MICRO PACIFIC DEVELOPMENT INC.,        )    AMEND THE COMPLAINT
13 d/b/a SAIPAN GRAND HOTEL,              )
                                          )    SEP - 1 2005
14              Defendant.                )    Date:  August———, 2005
                                          )    Time:  8:30 a.m.
15                                        )    Judge: Hon. Alex R. Munson
                                          )
16 _____)

17 TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

18                              SEP - 1 2005

19      PLEASE TAKE NOTICE that on August———, 2005 at 8:30 a.m. or as soon thereafter

20 as the matter can be heard before the Honorable Alex R. Munson, Chief Judge, United States

21 District Court for the District of Northern Mariana Islands, Horiguchi Building, Second Floor,

22 Beach Road, Garapan, Saipan, Plaintiff United States Equal Employment Opportunity

23 Commission will and hereby does move the Court for an order to amend the complaint to add

24 Asia Pacific Hotels, Inc. as a party to this action.

25      This motion is made under Rules 15(a), 19(a) and 25(c) of the Federal Rules of Civil

26 Procedure and Local Rule 7.1.

27          This Motion is based on this notice and the following papers filed herewith:

28      a. Memorandum of Points and Authorities in Support of Plaintiff's Motion for Leave to

PLAINTIFF'S NOTICE AND MOTION TO AMEND COMPLAINT
Civil Action No. 04-0028

1  Amend the Complaint to Add Asia Pacific Hotels Inc. as a Defendant;

2       b. Declaration of Linda-Ordonio-Dixon in Support of Motion;

3       c. Declaration of Wilfredo Tungol in Support of Motion; and

4       d. Declaration of Julieta Torres in Support of Motion

5       e. Proposed Order for Leave to Amend Complaint

6       f. Proposed Second Amended Complaint

7

8       DATED:    San Francisco, CA, July 29, 2005.

9

10                              Respectfully submitted,

11

12                              DAVID OFFEN-BROWN
                                LINDA ORDONI-DIXON
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE AND MOTION TO AMEND COMPLAINT
Civil Action No. 04-0028                    2

1  ]WILLIAM R. TAMAYO - #084965 (CA)
   DAVID F. OFFEN-BROWN - #063321 (CA)
2  LINDA ORDONIO-DIXON - #172830 (CA)
   EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3  San Francisco District Office
   350 The Embarcadero, Suite 500
4  San Francisco, CA 94105-1260
   Telephone No. (415) 625-5654
5  Fax No. (415) 625-5657
6
7  Attorneys for Plaintiff

8                  UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN MARIANA ISLANDS

10

11

12  EQUAL EMPLOYMENT                )    CIVIL ACTION NO. 04-0028
13  OPPORTUNITY COMMISSION,         )
                                    )    MEMORANDUM OF POINTS AND
14            Plaintiff,            )    AUTHORITIES IN SUPPORT OF
                                    )    PLAINTIFF'S MOTION FOR LEAVE
15       v.                        )    TO AMEND THE COMPLAINT TO
                                    )    ADD ASIA PACIFIC HOTELS INC. AS
16  MICRO PACIFIC DEVELOPMENT       )    A DEFENDANT
17  INC. d/b/a SAIPAN GRAND HOTEL,  )
                                    )    Date: ___SEP - 1 2005___
18            Defendant.            )    Time: 8:30 a.m
                                    )
19                                  )
                                    )
20 ─────────────────────────────────)

21  I.    INTRODUCTION

22         Pursuant to Federal Rules of Civil Procedure 15(a), 19(a), and 25(c), Plaintiff Equal

23  Employment Opportunity Commission ("EEOC") moves the Court for leave to amend the

24  Complaint to add Asia Pacific Hotels Inc. ("APHI") as a Defendant in this lawsuit. Since the filing

25

26

27  MEMO IN SUPPORT OF PLAINTIFF                    1
    EEOC'S MOTION TO AMEND THE
28  COMPLAINT TO ADD APHI
    04-0028

of the instant case APHI has purchased Saipan Grand Hotel ("Hotel") from Defendant Micro Pacific

Development Inc. ("Micro Pacific"). As a successor to the Defendant, APHI's joinder is needed

in order to effect injunctive relief affecting current employees as well as monetary relief because

Micro Pacific, whose only known asset was the Hotel, may lack the ability to pay any judgment.

We show below that APHI may be liable for the violations of Title VII alleged in this case.

Specifically, APHI purchased the Hotel and the relief sought by the EEOC in this lawsuit

includes such measures as improved Hotel policies against discrimination and training to prevent

discrimination at the Hotel which can only be provided by the current owner, APHI. As such, APHI

should be joined as a Defendant in this lawsuit. APHI's counsel, Colin Thompson, has been notified

of this motion and has agreed to accept service on behalf of APHI. He has reserved the right to

stipulate to the addition of the APHI as a party to this lawsuit pending review of the EEOC's

motion. Counsel for Micro Pacific, Michael Dotts, stated that he will oppose any motion to amend

the complaint to add a necessary party.

## II.     RELEVANT FACTS

Plaintiff Equal Employment Opportunity Commission filed this public enforcement lawsuit

on September 23, 2004 based on allegations that defendant Micro Pacific subjected Charging Party

Julieta Torres and similarly situated women to a sexually hostile work environment.

EEOC first learned of the possible sale of the Hotel to APHI when one of the Charging

Parties, Julieta Torres, called Wilfredo Tungol, EEOC Trial Attorney in Honolulu, on November

30, 2004 to inform him that she heard rumors that the Hotel had been bought by APHI. On January

**MEMO IN SUPPORT OF PLAINTIFF**          2
**EEOC'S MOTION TO AMEND THE**
**COMPLAINT TO ADD APHI**
**04-0028**

6, 2005, the Marianas Variety reported "Saipan Grand Hotel Sold" to APHI. On January 11, 2005

EEOC notified APHI through its local counsel, Colin Thompson, that EEOC has a pending lawsuit

against the Hotel. A copy of the EEOC complaint was also sent that day to APHI. Declaration of

Wilfredo Tungol ("Tungol declaration"), paragraphs 3, 4, and 5. Mr. Thompson, through electronic

mail, acknowledged receiving the letter and the Complaint and affirmed that he is the local counsel

for APHI. He did not contradict the statement in EEOC's letter that APHI had bought the Hotel.

Tungol declaration, paragraph 6.

## III.    ARGUMENT

### A. The Federal Rules Permit Adding APHI as a Defendant

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a Complaint "shall

be freely given when justice so requires." Fed. R. Civ. Pro. 15(a); *see Forman v. Davis*, 371 U.S.

178, 182 (1962). Consistent with the Supreme Court's mandate in *Forman*, the Ninth Circuit has

adopted a liberal policy of granting motions for leave to amend. *See DCD Programs, Ltd. v.*

*Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The evidence establishes that APHI is a successor to Micro Pacific. As explained in detail

below, joining APHI as a successor is necessary and appropriate.

Rule 19 (Joinder of Persons Needed for Just Adjudication) in relevant part provides:

(A) Persons to be Joined if Feasible.   A person who is subject to service of process and
whose joinder will not deprive the court of jurisdiction over the subject matter of the action
shall be joined as a party in the action if (1) in the person's absence complete relief cannot
be accorded among those already parties.

Under Rule 19(a), Fed. Rules of Civ. Pro., APHI is a necessary party in this case in order for the

MEMO IN SUPPORT OF PLAINTIFF                3
EEOC'S MOTION TO AMEND THE
COMPLAINT TO ADD APHI
04-0028

EEOC to obtain complete equitable relief and in case Micro Pacific cannot pay a judgment. The EEOC is seeking injunctive relief against the Hotel. As part of the injunctive relief, the Hotel will be required to train the managers and educate the employees about sex harassment in the workplace. The Hotel also has to institute policies, practices and programs which eradicate the effects of its past and present unlawful employment practices. Micro Pacific will not be able to fulfill any injunctive relief that this Court may grant to the EEOC, as it no longer owns the Hotel. The new owner, APHI, is the only party that can provide the training, as well as the implementation of policies that prevent sex harassment and discrimination in the Hotel. Without APHI, "complete relief cannot be accorded among those already parties" in the lawsuit.

Secondly, as the ownership interest in the Hotel has transferred from Micro Pacific to APHI, it is proper to bring in APHI under Rule 25 of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 25(c) states:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

(Emphasis added). Courts have consistently held that Rule 25(c) allows the Court to substitute parties even after judgment has been entered. *See, e.g., Greater Potater Harborplace, Inc. v. Jenkins,* 19 Fed. R. Serv. 3d 1379 (4th Cir. 1991). Rather than waiting until after judgment has been entered, the EEOC requests that the Court grant the EEOC leave to amend the Complaint to join APHI at the present stage of the litigation in the interest of the efficient administration of justice. Adding APHI now will avoid re-litigating this action should there be a judgment against Micro

MEMO IN SUPPORT OF PLAINTIFF                4
EEOC'S MOTION TO AMEND THE
COMPLAINT TO ADD APHI
04-0028

Pacific. More importantly, APHI is a successor owner and as discussed below is subject to successor liability under Title VII. APHI should also be added before judgment is rendered because Plaintiff seeks injunctive relief from APHI which should be included in the judgment. Plaintiff makes this motion within the Court's deadline set in this case for adding parties. Procedurally, APHI is not precluded from doing any additional discovery it may want for defending itself.

Therefore, an amendment to add APHI as a defendant is not only warranted, but necessary to ensure that the Court will be able to award full and complete relief in furtherance of the public interest, as embodied in Title VII.

## B. Principles of Successor Liability Establish That APHI May Be Liable

As the successor to Micro Pacific, APHI may be liable for any judgment rendered against Micro Pacific pursuant to Title VII. While the general common law rule provides that a corporation purchasing the assets (but not the liabilities) of another corporation does not assume the seller corporation's liabilities, *Travis v. Harris Corp.*, 565 F.2d 443, 446 (7th Cir. 1977), this principle does not apply in this case. In the context of federal labor and employment law, the courts have expanded the bounds of successor liability beyond the limits of the common law rule in order to enforce important federal statutory policies. Successor liability has been expanded to apply to Title VII actions. *See Bates v. Pacific Maritime Ass'n*, 744 F.2d 705, 708 (9th Cir. 1984). The Ninth Circuit has ruled that a new employer can be held liable for the legal obligations of its predecessor even without an explicit assumption of those obligations when necessary to further a fundamental policy in the work place. *Id.*

**MEMO IN SUPPORT OF PLAINTIFF**          5
**EEOC'S MOTION TO AMEND THE**
**COMPLAINT TO ADD APHI**
**04-0028**

A District Court in New York has thoughtfully outlined the public policy behind holding

successors liable in Title VII actions:

> When a court applies the successorship doctrine, it must balance the interest in freely
> transferring the business against the public interest in eliminating unfair labor or employment
> practices. *See John Wiley & Sons v. Livingston*, 376 U.S. 543, 548 (1965); [citation]. To hold a
> successor liable for a judgment against its predecessor may seem unduly harsh upon the
> successor who did not participate in any discriminatory acts. Yet the courts have held that
> where there is substantial employer continuity, the right of a victim of discrimination to a
> remedy outweighs these considerations: "[T]he court is of the considered opinion that when an
> aggrieved party has brought charges against a named respondent before the EEOC ... he should
> be allowed to pursue his alleged claims for relief against the party defendant even though his
> course may lead him through that dark and dismal forest known to all as the corporate reshuffle."
> *Moody v. Albemarle Paper Co.*, 50 F.R.D. 494, 497 (E.D.N.C.1970). *Accord Golden State
> Bottling Co. v. NLRB*, 494 U.S. at 181. Thus, Local 28's successor liability stems not from any
> discriminatory practices in which it actually participated, but rather from the fact that it is Local
> 10's successor in interest. *See Bates v. Pacific Maritime Association*, 744 F.2d at 709.

*EEOC v. Local 638*, 46 Empl. Prac. Dec. P 37,846, 1988 WL 25151, *af'd* 700 F. Supp. 739 (S.D.

N.Y. 1988). As articulated in *EEOC v. MacMillan Bloedel Containers, Inc*, 503 F.2d 1086 (6th

Cir. 1974), a case cited by *Local 638*:

> Failure to hold a successor employer liable for the discriminatory practices of its
> predecessor could emasculate the relief provisions of Title VII by leaving the
> discriminatee without a remedy or with an incomplete remedy. In the case where
> the predecessor company no longer had any assets, monetary relief would be
> precluded. Such a result could encourage evasion in the guise of corporate
> transfers of ownership. ... It is to be emphasized that the equities of the matter
> favor successor liability because it is the successor who has benefitted from the
> discriminatory employment practices of its predecessor.

*Id.* at 1091-92.

The Ninth Circuit applies three factors in determining whether to extend liability to a

successor: "(1) continuity in operations and work force of the successor and predecessor

employers; (2) notice to the successor employer of its predecessor's legal obligation; and (3)

ability of the predecessor to provide adequate relief directly." *Criswell v. Delta Air Lines, Inc.,* 868 F.2d 1093, 1094 (9th Cir. 1989) (quoting *Bates,* 744 F.2d at 709-710); when the predecessor is unable to provide the requested relief, the third (ability) factor is satisfied. *See Criswell,* 868 F.2d at 1095. All three factors are present in this case.

### 1. Continuity in Operations

APHI continued the operations of the Hotel and retained its name, Saipan Grand Hotel. All known workers continued working for the Hotel under the new owner, APHI. The name of the Hotel remained the same. The nature of the business (a hotel) continued under the new owner. *See* Declaration of Julieta Torres.

### 2. Notice to Successor

APHI, through its counsel, was given notice of EEOC's pending lawsuit as soon as EEOC became aware that the sale of the Hotel was finalized. APHI's counsel acknowledged receiving the EEOC notice and did not dispute that APHI is the new owner of the Hotel. Moreover, the EEOC lawsuit was filed against the Hotel in September 2004, a few months before the sale became final. As the filing of the lawsuit was a public event, we can safely assume that the buyer was on notice before the sale.

### 3. Ability of Predecessor to Provide Relief

Finally, the equity of the case requires APHI to be joined in this lawsuit to give the EEOC complete relief. As discussed earlier, part of the injunctive relief sought by the EEOC is training of the Hotel management on prevention of sex harassment and the implementation of

MEMO IN SUPPORT OF PLAINTIFF          7
EEOC'S MOTION TO AMEND THE
COMPLAINT TO ADD APHI
04-0028

policies that prevent sex harassment or discrimination in the future. The amended Complaint specifically requested as relief that the Court grant a permanent injunction enjoining the Hotel "from engaging in harassment based on sex and any other employment practice which discriminates on the basis of sex" and to order Defendant "to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees." Amended Complaint, paragraphs A and B (Prayer for Relief) at 4. As Micro Pacific no longer owns the Hotel, it is not in a position to do any of these things. The new owner, APHI, is needed to make sure the victims get this relief.

Besides injunctive relief, the EEOC is also seeking monetary relief for the harm that the Charging Parties suffered. Since selling the Hotel, Micro Pacific has no known assets in the Commonwealth of the Northern Mariana Islands. While Micro Pacific has retained counsel to defend itself in this lawsuit, there is no assurance that it will be able to satisfy a monetary judgment against it. Its own counsel stated that it is "judgment proof." Declaration of Linda Ordonio-Dixon, paragraph 6. According to its 2005 Annual Corporation Report, Micro Pacific's business activities are hotel services. However, it has sold the only known hotel that it owns in the Commonwealth. Its shares are 100% owned by a foreign company, Nagoya Railroad Company, Ltd. ("Nagoya"). See Minutes of Annual Meeting of Shareholders, Exhibit 5 to Tungol declaration. It is unknown where the proceeds of the sale of the Hotel ended up. It is likely that the parent company, a foreign corporation, ended up with the proceeds, or that they will have been spent before a judgment can be obtained. Therefore, any monetary relief for

MEMO IN SUPPORT OF PLAINTIFF            8
EEOC'S MOTION TO AMEND THE
COMPLAINT TO ADD APHI
04-0028

1   compensatory and punitive damages that the Charging Parties are entitled to will likely not be

2   satisfied by Micro Pacific given the circumstances.

3       It is also unlikely that the EEOC can obtain relief from Nagoya. As a foreign owned

4   entity, Nagoya is probably immune from any Title VII lawsuit under Article VIII (1) of the

5   Friendship, Commerce and Navigation (FCN) Treaty between the United States and Japan,

6   (1953) 4 U.S.T. 2063, T.I.A.S. No. 2863. *See Sumitomo Shoji America, Inc. v. Avagliano*, 457

7   U.S. 176, 183, 102 S. Ct. 2374, 2378 (1982) (Japanese companies are protected by the treaty

8   provision providing that "companies of either Party shall be permitted to engage, within the

9   territories of the other Party, accountants and other technical experts, executive personnel,

10  attorneys, agents and other specialists of their choice." This insulates them from potential Title

11  VII liability from hiring such employees.)

12      Also, parent companies such as Nagoya are generally not liable for employment

13  discrimination by their subsidiaries; there is a "strong presumption that a parent company is not

14  the employer of its subsidiary's employees, and the courts have found otherwise only in

15  extraordinary circumstances." *Frank v. U.S. West, Inc.* , 3 F.3d 1357, 1362 (10th Cir. 1993). In

16  the absence of special circumstances, a parent entity is not liable for Title VII violations by its

17  subsidiaries. *Watson v. Gulf and Western Industries*, 650 F.2d 990, 993 (9th Cir. 1981); *Bowoto

18  v. Chevron Texaco Corp.*, 312 F. Supp. 2d 1229, 1234 (N.D. Cal. 2004). The EEOC therefore

19  probably cannot obtain any recourse from Nagoya. It is therefore necessary to join APHI in

20  order for the EEOC to obtain the relief it seeks.

1

IV.    **CONCLUSION**

2

APHI is the successor of defendant Micro Pacific and is needed in this lawsuit to effect

3

full relief. Therefore, the EEOC respectfully requests that the Court grant its motion for leave to

4

amend the Complaint to name APHI as a Defendant.

5

6                                                    Respectfully submitted,

7

8

9    Date:    July 29, 2005                          DAVID F. OFFEN-BROWN
                                                     Supervisory Trial Attorney
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    **MEMO IN SUPPORT OF PLAINTIFF**                    10
      **EEOC'S MOTION TO AMEND THE**
28    **COMPLAINT TO ADD APHI**
      **04-0028**

WILLIAM R. TAMAYO - #084965 (CA)
DAVID F. OFFEN-BROWN - #063321 (CA)
LINDA ORDONIO-DIXON - #172830 (CA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5654
Fax No. (415) 625-5657

Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT

### FOR THE NORTHERN MARIANA ISLANDS

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MICRO PACIFIC DEVELOPMENT INC. d/b/a SAIPAN GRAND HOTEL,<br><br>Defendant. | CIVIL ACTION NO. 04-0028<br><br>DECLARATION OF LINDA ORDONIO-DIXON |

## DECLARATION OF LINDA ORDONIO-DIXON

I declare under penalty of perjury under the laws of the United States that the following statements are true and correct to the best of my knowledge:

1.    I am an attorney duly licensed to practice law before the United States District Court for the Northern Mariana Islands.

2.    I am one of the attorneys representing the plaintiff Equal Employment Opportunity Commission (EEOC) in this lawsuit.

3.    On July 26, 2005, I advised counsel for the Defendant Micro Pacific Development Corporation, Michael W. Dotts that the EEOC would be filing a motion to amend the complaint to add Asia Pacific Hotels, Inc. as a defendant in this lawsuit.

4.    I asked Mr. Dotts if Defendant would stipulate to the EEOC's motion, and he

1    stated that it would not.

2  5.   During this same conversation, I informed Mr. Dotts that joinder was necessary

3       as I recently learned that 100% of Defendant's shares were held by a foreign

4       corporation, Nagoya Railroad Company, Ltd.

5  6.   Mr. Dotts admitted that Defendant is "judgment proof."

7         DATED: San Francisco, California, July 28, 2005.

9                              LINDA ORDONIO-DIXON

11                                  2

1 | WILLIAM R. TAMAYO - #084965 (CA)
2 | DAVID F. OFFEN-BROWN - #063321 (CA)
  | LINDA ORDONIO-DIXON - #172830 (CA)
3 | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
  | San Francisco District Office
4 | 350 The Embarcadero, Suite 500
  | San Francisco, CA 94105-1260
5 | Telephone No. (415) 625-5654
  | Fax No. (415) 625-5657
6 | Attorneys for Plaintiff
7 |
8 |
  | UNITED STATES DISTRICT COURT
  | FOR THE NORTHERN MARIANA ISLANDS

9 |

| | | |
|---|---|---|
| 10 | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) CIVIL ACTION NO. 04-0028 |
| 11 | | ) ) DECLARATION OF WILFREDO TUNGOL |
| 12 | Plaintiff, v. | ) ) ) |
| 13 | MICRO PACIFIC DEVELOPMENT INC. d/b/a SAIPAN GRAND HOTEL, | ) ) ) |
| 14 | Defendant. | ) ) |
| 15 | | ) ) |
| 16 | | |

17 | ## DECLARATION OF WILFREDO TUNGOL

18 | I declare under penalty of perjury under the laws of the United States that the

19 | following statements are true and correct to the best of my knowledge:

20 | 1.    I am an attorney duly licensed to practice law before the United States District

21 | Court for the Northern Mariana Islands.

22 | 2.    I am employed as a trial attorney for the plaintiff Equal Employment

23 | Opportunity Commission.

24 | 3.    On or about November 30, 2004, I received information from one of the

25 | charging parties in this case that Saipan Grand Hotel had been bought by Micro

26 | Pacific Hotel, Incorporated

27 |

28 |

1

4.    On January 6, 2005, I read in the newspaper, Marianas Variety, (on line edition) that Saipan Grand Hotel's land lease was transferred to the hotel's new owner, Asia Pacific Hotel, Incorporated. Attached as Exhibit 1 is a true copy of this article which I read.

5.    On January 11, 2005 I wrote to APHI's counsel, Colin M. Thompson, to inform him that EEOC received information that APHI has bought the Saipan Grand Hotel, and as the new owner, EEOC is putting APHI on notice of the EEOC's pending lawsuit against the Defendant Micro Pacific Development, Inc., the previous owner of the Saipan Grand Hotel. I enclosed a copy of the Complaint with my letter. The letter and complaint were sent by facsimile and the original letter was mailed through the U.S. mail. I also sent him an electronic message (e-mail) with a copy of my letter as an attachment. Attached as Exhibit 2 is a true copy of the letter I sent him.

6.    On January 11, 2005 I received an acknowledgment via e-mail from Colin Thompson that he received the letter and Complaint that I sent him, and informing me that he continues to represent Asia Pacific Hotel, Incorporated. He has never contradicted the statement in EEOC's letter that APHI had bought the Hotel. Attached as Exhibit 3 is a true copy of the printed email response from Mr. Thompson.

7.    On July 18, 2005 I called Mr. Thompson to give him a courtesy call about the EEOC's motion to amend its Complaint in order to add APHI as a necessary party in the above-mentioned lawsuit. I asked him if he would be willing to stipulate to adding APHI as a party and he informed me that he would reserve that decision until after the EEOC files its motion to amend its Complaint.

8.    I have reviewed the Annual Corporation Report filed by Defendant on March 4, 2005 with the CNMI Registrar of Corporations. The annual corporation

2

report shows that Nagoya Railroad Co., Ltd (a Japanese corporation) owned
3,171,500 shares of stock in Micro Pacific Development, Inc.  Attached as
Exhibit 4 is a true copy of this Annual Corporation Report.

9.  I have reviewed the Minutes of Annual Meeting of Shareholders of Micro
Pacific Development, Inc. filed by Defendant on April 15, 2005 with the CNMI
Registrar of Corporations.  The minutes reflect that Nagoya Railroad owned
100% of the shares of Micro Pacific Development Corporation.  Attached as
Exhibit 5 is a true copy of the minutes of the annual meeting.

DATED: Honolulu, Hawaii, July 29, 2005.

WILFREDO TUNGOL

# Daily Marianas Variety

### Micronesia's Leading Newspaper Since 1972

Vol. 32 No. 213
©2005 Marianas Variety

Thursday, January 6, 2005

www.mvariety.com

Serving the CNMI for 32 years

**Headlines**

**Local News**

**Pacific Islands**

**Forum**

**Sports**

**Advertisement**

**Subscription**

**Staff Box**

© 2005 Marianas Variety
Published by Younis Art
Studio Inc.
All Rights Reserved
Email : mvariety@vzpacifica.net

## Saipan Grand Hotel sold

By Gemma Q. Casas
Variety News Staff

THE Marianas Public Lands Authority board approved yesterday a lease transfer agreement on the public property where the Saipan Grand Hotel is situated to another investor, Asia Pacific Hotels, Inc. an affiliate of Tan Holdings Corp. for an undisclosed price.

The decision seals the deal between Saipan Grand Hotel and APHI.

The board made out the decision after the original owner of Saipan Grand Hotel and APHI agreed to settle the hotel's lease payment arrears of $343,440 up front.

A hotel official made out a check in the said amount and paid it up front to an MPLA cashier shortly before 5 p.m. yesterday.

The 324-room Saipan Grand Hotel is one of the pioneer operations in the local tourism industry.

Micro Pacific Development Inc., a wholly owned subsidiary of Nagoya Railroad Co. Ltd., owned and operated the Saipan Grand Hotel until it was sold to Asia Pacific.

"Our company was proud to be one of the founding investors in the tourism industry here and it has been a sincere pleasure to be a part of the Saipan community," said Tamio Nakamura, president of Micro Pacific, in a statement.

"We'd like to thank the people of the commonwealth for their support of the Grand Hotel over many years. Now we are looking forward to seeing a new life for the hotel that will be brought by new investors," he added.

Asia Pacific is a sister company of Tan Holdings which publishes the Saipan Tribune newspaper and also owns and operates the Dai-Ichi Saipan Beach Hotel and the Guam Dai-Ichi Hotel.

Jerry Tan, vice president of Asia Pacific, said they are looking forward to their expanded role in the local tourism industry.

"We are looking forward to this business acquisition, which is a further concentration of our long-term commitment to the region and to expanding our participation in the tourism industry," said Tan in a statement.

He said a team from Asia Pacific will hold meetings this week with the hotel's management and employees to announce the official transfer.

"The Saipan Grand Hotel will continue to operate as usual with the same menu and employees," the business executive said.

Saipan Grand first opened in 1977 with just 120 rooms. Today it is a ten-story tower building with two swimming pools, several restaurants, a dance club, a wedding chapel, tennis courts, a ballroom and other meeting rooms.

The MPLA board asked the old and new owners of the hotel to submit certain documents such as financial statements within the next 90 days to officially transfer the lease agreement.

MPLA receives as much as $170,000 a year for leasing the public land where the hotel is situated. The lease term ends in 25 years subject to renegotiation.

The tourism-based economy of the CNMI is heavily dependent on Japanese tourists. But during recent years, their number has significantly dropped.

Now local tour operators are aiming at attracting more Chinese tourists to the CNMI.

Jul-27-06    00:00    From-U.S. EEOC                    808-541-3390            T-982  P.004/006  F-708



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Honolulu Local Office

300 Ala Moana Boulevard, Room 7-127
Honolulu, HI 96850-0051
(808) 541-3120
TTY (808) 541-3131
FAX (008) 541-5290

January 11, 2005

Mr. Colin M. Thompson, Esq.
Attorney at Law
P.O. Box 1280                                    Faxed on January 11, 2005 at 16:00am
Saipan, MP 96950

Via Fax (670/322-4716) and email (colin_thompson@tanholdings.com) and U.S. Mail

RE:    EEOC v. Micro Pacific Development, Inc. dba Saipan Grand Hotel
       Civ. No. 04-0028 (U.S. District Court NMI)

Dear Mr. Thompson:

        We have been informed recently that Asia Pacific Hotels, Inc. (a subsidiary corporation
of Tan Holdings, Inc.) has purchased the Saipan Grand Hotel from the previous owner, Micro
Pacific Development, Inc. This is to put you on notice, in the event your clients were not
informed by the previous owners, that the Commission has a pending litigation against the
Saipan Grand Hotel. A copy of the complaint is attached for your information.

        I am writing this letter on the assumption that you are still the attorney for Asia Pacific
Hotels, Inc. and Tan Holdings, Inc. Kindly inform if this is not the case.

        Please call me should you have any questions regarding this matter.

                                    Sincerely,

                                    Wilfredo Tungol
                                    Trial Attorney

Encl.

cc: Linda Ordonio-Dixon (Senior Trial Attorney)

EXHIBIT

2

u)-27-06   08:30   From-U.S. EEOC                    808-541-3390        T-982   P.005/006   F-708
REDO TUNGOL - Re, Saipan Grand Hotel

From:       colin_thompson@tanholdings.com
To:         "WILFREDO TUNGOL" <WILFREDO.TUNGOL@EEOC.GOV>
Date:       Tue, Jan 11, 2005  1:04 PM
Subject:    Re: Saipan Grand Hotel

Hi Wilfred,

Its like deja vu all over again.

I did get your letter and complaint and I continue to represent Asia
Pacific. Thank you.

Happy New Year to you too!

Best regards,
Colin


-- Original Message --
From: "WILFREDO TUNGOL" <WILFREDO.TUNGOL@EEOC.GOV>
To: <colin.thompson@tanholdings.com>; <Colin_Thompson@tanholdings.com>
Sent: Wednesday, January 12, 2005 6:31 AM
Subject: Saipan Grand Hotel


> Happy New Year Colin!  We faxed you a copy of the complaint with the
> attached letter.
>
>


CC:         <colin.thompson@saipan.com>


EXHIBIT

3

# ANNUAL CORPORATION REPORT

2005 MAR -4 PM 12:03

$[illegible] Make Check Payable to: CNMI TREASURER
Original and One Copy

[illegible]ING: THE INITIAL REPORT MUST BE FILED WITHIN 30 DAYS OF INCORPORATION.
ANNUAL REPORT MUST BE FILED ON OR BEFORE MARCH 1ST OF EACH YEAR.

[illegible]E WITH: REGISTRAR OF CORPORATIONS
Office of the Attorney General
2nd Floor, Memorial Bldg./Capitol Hill
Saipan, MP 96950

REPORT FOR THE YEAR 2004

[illegible]ITIAL REPORT: ______
[illegible]ECK ONE: (X) Domestic Corporation ( ) Foreign Corporation

Name, Mailing Address & Telephone No. of Corporation: (Attach map showing location if address is only a P. O. Box)

MICRO PACIFIC DEVELOPMENT, INC.
P.O. BOX 500369, CK.
SAIPAN, MP 96950-0369
Telephone Number: 234-6601/3 Ext. 118 OR 234-8434

Name, Mailing Address & Telephone No. of Registered Agent: (Attach Map showing location if address is only a P. O. Box)

TAMIO NAKAMURA
P.O. BOX 500369
SAIPAN, MP 96950-0369
Telephone Number: 234-6601/3 Ext. 192

LIST OF DIRECTORS:

| Name | Nationality | Address |
|---|---|---|
| TAMIO NAKAMURA | JAPANESE | NAGOYA, JAPAN |
| HIDEHO KAWAHARA | JAPANESE | NAGOYA, JAPAN |
| HITOSHI ISHIKAWA | JAPANESE | NAGOYA, JAPAN |

LIST OF OFFICERS:

| Name | Position | Nationality | Address |
|---|---|---|---|
| TAMIO NAKAMURA | PRESIDENT | JAPANESE | NAGOYA, JAPAN |
| HIDEHO KAWAHARA | SECRETARY | JAPANESE | NAGOYA, JAPAN |
| HITOSHI ISHIKAWA | TREASURER | JAPANESE | NAGOYA, JAPAN |

DESCRIPTION OF BUSINESS ACTIVITIES - List all lines of business

HOTEL SERVICES

STOCK ISSUED AND OUTSTANDING:

| Number of Shares | Class of Shares | Amount Paid for Shares |
|---|---|---|
| 3,171,500 | COMMON | $31,715,000.00 |

| NAME OF SHAREHOLDERS | IMMIGRATION STATUS | NATIONALITY | NUMBER OF SHARES [illegible] |
|---|---|---|---|
| NAGOYA RAILROAD CO., LTD. | | JAPANESE | $31,715,[illegible] |

Signature: [signature]

Date: [illegible] 2005

TAMIO NAKAMURA / PRESIDENT
PRINT NAME & TITLE OF PERSON SIGNING
(Must be Director or Officer of the Corporation)

Jul-28-05   10:31   From-U.S. EEOC                    800-541-3380            7-991   P.002/002   F-820

## MINUTES OF ANNUAL MEETING
## OF SHAREHOLDERS OF
## MICRO PACIFIC DEVELOPMENT, INC.

2005 APR 15  AM 9:09

The Annual Meeting of the shareholders of Micro Pacific Development, Inc. was held at the meeting room of Nagoya Railroad Co., Ltd, on Friday, April 1, 2005, at 11:00 am.

The following shareholder was present:

Nagoya Railroad Co., Ltd        Number of shares owned: 3,171500 shares
                                (100% share of the corporation)

The Chairman informed that the quorum was present, then called the meeting to order.

The first item discussed was the approval of financial statements for the fiscal year ended on February 28, 2005.
After the discussion, a motion was duly made and the financial statements were approved.

The second item discussed was the election of directors.
The following directors were elected:

Yasuaki Miyazaki
Hideho Kawahara
Hitoshi Ishikawa

The third item discussed was the approval of payment of retirement allowance to Mr. Tsurin Nakamura and Mr. Setsuo Kawai.
After the discussion, a motion was duly made and the payment of retirement allowance was approved.

There being no further business, the meeting was adjourned.

The foregoing minutes were hereby approved and confirmed by the undersigned shareholder of the corporation:

Nagoya Railroad Co., Ltd.

By: _____

EXHIBIT          Mizuo Kimura
                 President

5

WILLIAM R. TAMAYO - #084965 (CA)
DAVID F. OFFEN-BROWN - #063321 (CA)
LINDA ORDONIO-DIXON - #172810 (CA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5654
Fax No. (415) 625-5657

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN MARIANA ISLANDS

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> METRO PACIFIC DEVELOPMENT INC. d/b/a SAIPAN GRAND HOTEL, <br><br> Defendant. | CIVIL ACTION NO. 04-0028 <br><br> DECLARATION OF JULIETA B. TORRES <br><br> SEP - 1 2005 <br> Date: _____ <br> Time: 8:30 a.m |

I, JULIETA BONDOC TORRES, declare as follows:

1.  I am employed full-time as a housekeeper at Saipan Grand Hotel. I have worked at the hotel since March 23, 1998.

DECLARATION OF JULIETA
TORRES
04-0028

1

2.   I have personal knowledge of the matters stated herein.

3.   I was informed by hotel management that the Saipan Grand Hotel had been sold by its original owner, Micro Pacific Development Inc., to Asia Pacific Hotels Co.

4.   Since the sale of the hotel early this year, I have continued in my position as a housekeeper.

5.   To my knowledge, no employees were terminated as a result of the change in ownership.

6.   The hotel continues to operate as a hotel under the name Saipan Grand Hotel.

Date:   July 27, 2005

_____
JULIETA B. TORRES

DECLARATION OF JULIETA                                  2
TORRES
04-0028

1  WILLIAM R. TAMAYO - #084965 (CA)
   DAVID F. OFFEN-BROWN - #063321 (CA)
2  LINDA ORDONIO-DIXON - #172830 (CA)
   EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3  San Francisco District Office
   350 The Embarcadero, Suite 500
4  San Francisco, CA 94105-1260
   Telephone No. (415) 625-5654
5  Fax No. (415) 625-5657

6  Attorneys for Plaintiff

7              UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN MARIANA ISLANDS

9

10  EQUAL EMPLOYMENT                )    CIVIL ACTION NO. 04-0028
    OPPORTUNITY COMMISSION,         )
11                                  )    [PROPOSED] ORDER GRANTING
                                    )    LEAVE TO FILE SECOND AMENDED
12             Plaintiff,           )    COMPLAINT
                                    )
       v.                           )
13                                  )
    MICRO PACIFIC DEVELOPMENT       )
14  INC. d/b/a SAIPAN GRAND HOTEL,  )
                                    )
15             Defendant.           )
                                    )
16  _____  )

17

18  ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT

19      The Court, having reviewed the motion, having heard the argument of counsel and

20  being fully advised in the premises, hereby grants plaintiff Equal Employment Opportunity

21  Commission's motion for leave to file its second amended complaint.

22      SO ORDERED.

23

24  DATED: _____

25

26
                            _____
27                          ALEX R. MUNSON
                            U.S. District Judge
28

# CERTIFICATE OF SERVICE

I am a citizen of the United States employed in the County of San Francisco, over the age of 18 years and not a party to this action. My business address is the office of the United States Equal Employment Opportunity Commission, San Francisco District Office, 350 The Embarcadero Street, Suite 500, San Francisco, California 94105-1260

On July 29, 2005, I placed a copy of:

- **Memorandum of Points and Authorities in Support of Plaintiff's Motion for Leave to Amend the Complaint to Add Asia Pacific Hotels, Inc. as a Defendant**
- **Notice and Motion for Leave to Amend the Complaint**
- **Declaration of Linda Ordonio-Dixon in Support of Motion**
- **Declaration of Wilfredo Tungol in Support of Motion; and**
- **Declaration of Julieta Torres in Support of Motion**
- **Proposed Order for Leave to Amend Complaint**
- **Proposed Second Amended Complaint**

in a franked envelope, which I deposited in the United States Mail, addressed to:

Michael W. Dotts, Esq.
O'CONNOR BERMAN DOTTS & BANDES
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950-1969  - Fax No. (670) 234-5683

Colin M. Thompson, Esq.,
PMB 917 Box 10001
Saipan, MP 96950 - Fax No. (670) 233-0776

This document was also served via fax to (670) 234-5683 & (670) 234-0776.

I certify under penalty of perjury that the above is true and correct.

DATED:   July 29, 2005

Dalisay Hermoso
Legal Technician

Certificate of Service

WILLIAM R. TAMAYO - #084965 (CA)
DAVID F. OFFEN-BROWN - #063321 (CA)
LINDA ORDONIO-DIXON - #172830 (CA)
WILFREDO TUNGOL - #2550 (HI)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5654
Fax No. (415) 625-5657

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 04-0028 |
| Plaintiff, | |
| v. | SECOND AMENDED COMPLAINT Civil Rights — Employment Discrimination |
| MICRO PACIFIC DEVELOPMENT INC. d/b/a SAIPAN GRAND HOTEL and ASIA PACIFIC HOTELS INC. | JURY TRIAL DEMAND |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide

appropriate relief to Charging Party Julieta Torres, and other similarly situated individuals who were

SECOND AMENDED COMPLAINT
CIVIL ACTION NO. 04-0028

1

adversely affected by such practices.    As alleged below, defendant, **MICRO PACIFIC DEVELOPMENT INC. d/b/a SAIPAN GRAND HOTEL (MPD Inc.)**, subjected the claimants to a hostile work environment based on sex, female.  Defendant **ASIA PACIFIC HOTELS INC. (Asia Pacific)** is a successor to defendant MPD Inc.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e-5(f)(1) and (3), and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.    The employment practices alleged to be unlawful were and are now being committed in Saipan, Commonwealth of the Northern Mariana Islands, within the jurisdiction of the United States District Court for the Northern Mariana Islands.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.    Defendant Asia Pacific is a successor to defendant MPD Inc., owns and operates the Saipan Grand Hotel formerly owned and operated by Defendant MPD, and currently employs at the Hotel Julieta Torres and some of the other employees on whose

behalf this lawsuit is brought.

5.    At all relevant times, Defendant MPD Inc. is and was a corporation doing business in the Commonwealth of the Northern Mariana Islands, and has continuously had at least 15 employees.

6.    At all relevant times, Defendant Asia Pacific is and was a corporation doing business in the Commonwealth of the Northern Mariana Islands, and has continuously had at least 15 employees.

7.    At all relevant times, Defendant MPD Inc. has continuously been an employer engaged in an industry affecting commerce, within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

8.    At all relevant times, Defendant Asia Pacific has continuously been an employer engaged in an industry affecting commerce, within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h)

## STATEMENT OF CLAIMS

9.    More than thirty days prior to the institution of this lawsuit, Julieta Torres filed a charge of discrimination with the EEOC alleging violations of Title VII by Defendant MPD. All conditions precedent to the institution of this lawsuit have been fulfilled.

10.    Since at least November of 2001, Defendant MICRO PACIFIC DEVELOPMENT INC. d/b/a SAIPAN GRAND HOTEL has engaged in unlawful practices at its Saipan hotel in violation of §703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). These

SECOND AMENDED COMPLAINT
CIVIL ACTION NO. 04-0028

3

practices, which began no later than November 2001 and continued on a regular basis, included subjecting Ms. Torres and other similarly situated individuals (the harassed employees) to harassment on the basis of their sex, female, which created an offensive, abusive, intimidating and hostile work environment. Ms. Torres and others similarly situated were sexually harassed by a supervisor, assistant chief cook Akira Ishikawa. The harassment included both verbal and physical acts. Mr. Ishikawa made unwanted and offensive comments to the harassed employees including commenting on their anatomies and asking for dates. His physical harassment included exposing himself and groping genitals, breasts, and buttocks and forcibly penetrating one employee's vagina and rectum with his fingers.

11. The effect of the practices complained of in paragraph 310 above has been to deprive Ms. Torres and other similarly situated individuals of equal employment opportunities and to otherwise adversely affect them because of their sex, female.

12. The unlawful employment practices complained of in paragraph 10 above were and are intentional.

13. The unlawful employment practices complained of in paragraph 10 above were done with malice and/or reckless disregard for the federally protected rights of Ms. Torres and other similarly situated individuals.

14. As MPD Inc.'s successor, Asia Pacific is liable for the discriminatory conduct of MPD Inc.

Received   Jul-30-2005  08:30      From-14156255667          To-US DISTRICT COURT, N    Page 020

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining the Defendant Employers, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in harassment based on sex and any other employment practice which discriminates on the basis of sex.

B.    Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for their employees and which eradicate the effects of their past and present unlawful employment practices.

C.    Order Defendant Employers to make whole Ms. Torres and other similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, with interest, in amounts to be determined at trial.

D.    Order Defendant Employers to make whole Ms. Torres and other similarly situated individuals by providing compensation for past and future non-pecuniary losses caused by the above unlawful conduct, including pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial.

E.    Order Defendant Employers to pay Ms. Torres  and other similarly situated individuals punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

F.    Grant such further relief as the Court deems proper.

G.    Award the Commission its costs in this action.

Received   Jul-30-2005  08:30      From-14156255667              To-US DISTRICT COURT, N   Page 021

1

## JURY TRIAL DEMAND

2    The Commission requests a jury trial on all questions of fact raised by its complaint.

3

4                                             Eric S. Dreiband
                                              General Counsel
5

6                                             James L. Lee
                                              Deputy General Counsel
7

8                                             Gwendolyn Young Reams
                                              Associate General Counsel
9

10   Date:    July 29, 2005
11                                            _____
                                              WILLIAM R. TAMAYO
12                                            Regional Attorney

13

14   Date:    July 29, 2005
15                                            DAVID F. OFFEN-BROWN
                                              Supervisory Trial Attorney
16

17   Date:    July 29, 2005
18                                            LINDA ORDONIO-DIXON
                                              Senior Trial Attorney
19

20                                            **Equal    Employment    Opportunity
21                                            Commission**
                                              San Francisco District Office
22                                            350 The Embarcadero, Suite 500
                                              San Francisco, California 94105-1260
23                                            Telephone: (415) 625-5654

24

25

26

27

28                                     6
     **SECOND AMENDED COMPLAINT**
     **CIVIL ACTION NO. 04-0028**