F I L E D
Clerk
District Court

AUG 1 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

MICHAEL W. DOTTS, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>vs. )<br>MICRO PACIFIC DEVELOPMENT, INC. )<br>dba SAIPAN GRAND HOTEL, )<br>)<br>Defendant. )<br>)<br>_____ ) | CIVIL ACTION NO. 04-0028<br><br>MEMORANDUM IN SUPPORT OF MOTION TO AMEND ANSWER<br><br>Date: September 1, 2005<br>Time: ~~9:00 a.m.~~ 8:30 a.m. |

## I.

## INTRODUCTION

This memorandum is submitted in support of Micro Pacific Development, Inc.'s d/b/a Saipan Grand Hotel ("Defendant") motion to amend its Answer in this action pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and is in conformance with the Amended Case Management Scheduling Order, entered on July 20, 2005, at p. 1, l. 19. Defendant conferred with the Plaintiff's counsel over giving consent for leave to amend on Wednesday, July 27, 2005, following the conclusion of a deposition taken in this matter. The Parties agreed to disagree over the Amendment of Plaintiff's Complaint and of Defendant's Answer. Therefore, Defendant now requests that the Court grant the Defendant leave to amend its Answer.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff EEOC ("Plaintiff") filed its initial Complaint in this case on September 23, 2004, and an Amended Complaint on January 13, 2005[1]. In each of the Complaints, Plaintiff alleged that the Defendant had engaged in unlawful practices in violation of §703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). (Pl.'s Am. Compl. ¶7.)

On January 31, 2005, the Defendant filed an Answer to Plaintiff's Amended Complaint. Following motion practice, the Court struck Defendant's Affirmative Defense that the Plaintiff's enforcement action was barred by the statute of limitations. Since then, Defendant has not submitted an amended Answer removing this affirmative defense. The Defendant would like to do so now. Additionally, the Defendant erroneously denied Paragraph 3 of Plaintiff's Amended Complaint.

At the same time, Defendant wishes to amend its Answer because subsequent legal research and fact discovery has fleshed out certain affirmative defenses. The Defendant in this case is a Japanese business, incorporated in Japan, and doing business in the CNMI. All of the Defendant's officers are Japanese (who speak very little English), while Defendant's counsel does not speak Japanese. This made detailed communication about the lawsuit difficult. For example, when the Answer was originally drafted, Defendant's counsel was not aware that the detailed policies and procedures the Defendant had in place to deal with sexual harassment at

---

[1] As a result of Defendant's Motion for a More Definite Statement, the Court ordered the Plaintiff to amend its complaint to provide general allegations as to the practice or conduct that created the hostile environment alleged in the original complaint and to furthermore allege who inflicted the harassment. (Order Granting Defendant's Motion for a More Definite Statement at 5.)

2

the hotel where in place as far back as late 1998. Subsequent conversations have made it clear that the Defendant has taken all reasonable care necessary to prevent and correct any sexually harassing behavior that occurs at the hotel. This information has led Defendant's Counsel to believe that they have a valid affirmative defense as set forth in the United States Supreme Court cases *Burlington Industries v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. Boca Raton*, 524 U.S. 775 (1998). *See also Burrell v. Star Nursey*, 170 F.3d 951 (9th Cir. 1999) (Applying the *Burlington Industries/Faragher* in the Ninth Circuit).

Moreover, when the Answer was filed, counsel for the Defendant was not aware that two of the charging parties, Arcely Sison and Aurora Salac, were employees of another corporation and not employed directly by the Defendant. (Defendant in point of fact did not know these two individuals were alleged to be victims of sexual harassment because the Plaintiff did not disclose their identity in the Amended Complaint.) The fact that these two individuals are employed by third parties gives rise to the defense that the Defendant cannot violate Title VII with respect to them.[2]

Additionally, the depositions of the real parties have helped to develop affirmative defenses that will either relieve the Defendant of liability or reduce the liability. These affirmative defenses should be allowed to be stated.

For all of these reasons, the Defendant requests that the Court grant them leave to file an amended answer and more properly plead their case. A copy of Defendant's [Proposed] Amended Answer is attached hereto as Exhibit "1".

---

[2] There is legal precedent that would hold the Defendant liable for the misconduct of its supervisors as to these two real parties in interest employed by a third party but that can be resolved by motion or by the jury if the affirmative defense is permitted to be stated in the Answer.

3

K:\Lolit\Saipan Grand (2793)\2793-05-050727-PL-MemoinSupMot2AmendAnswer-leb.doc

# III.

# ARGUMENT

### A. Standard for Granting Leave to Amend

Federal Rule of Civil Procedure 15(a) allows the amendment of pleadings:

> . . . once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; ***and leave shall be freely given*** when justice so requires. . . .

(emphasis added)

As no responsive pleading is permitted at this point in the litigation, and further because more than twenty days has elapsed since the Answer was served, the Defendant may only amend its Answer if the Plaintiff gives it written consent, or by leave of Court.  As the Plaintiff has refused to give its written consent, the Defendant requests that the District Court grant the Defendant leave to amend their answer.

The policy in the Ninth Circuit that a district court "shall grant leave to amend freely 'when justice so requires'", *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000) (en banc) (quoting Fed.R.Civ.P. 15(a)), "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990); *see also Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir.1999) (noting that inferences should be drawn "in favor of granting the motion").  In other words, "a district court's discretion to deny leave to amend a complaint is not absolute." *U.S. ex rel. Lee v. SmithKline Beecham, Inc.,* 245 F.3d 1048, 1052 (9th Cir. 2001) citing *Foman v. Davis,* 371 U.S. 178, 182 (1962) (Rule 15(a)'s mandate "is to be

4

heeded."). The district court may decline to grant such leave, though, where there is "any apparent or declared reason" for doing so, including bad faith, undue delay, prejudice to the opposing party, or futility. *Foman,* 371 U.S. at 182; *Griggs,* 170 F.3d at 880.

The Court should grant Defendant leave to amend its Answer because doing so will advance the suit and promote the objective of the federal rules–a "just, speedy, and inexpensive determination of every action." Defendant's amended Answer will more clearly plead what it believes are absolute and affirmative defense to the Plaintiff's charges. Furthermore, the amended answer will allow the Defendant to correct a denial it improperly made in its initial answer. Finally, the leave should be granted because there is no "apparent or declared" reason for not doing so as this motion has not been made in bad faith, will not unduly delay the proceedings, will not prejudice the opposing party and finally because it is not futile amendment.

B.   **Defendant Does Not Seek to Amend Its Answer In Bad Faith**

Defendant has given valid explanations as to why it wishes to more properly plead its case and thus cannot be said to have filed this motion for leave to amend in bad faith. *See Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001) (noting that the inclusion of evidence to explain the delay precludes a determination of bad faith). As noted above, Defendant and its Counsel initially had communication problems which hindered Counsel's effort at proper pleading. Moreover, the Defendant has learned that other valid defenses apply and is not adding baseless legal theories. *See Steckman,* 143 F.3d at 1296. (Amendment should be permitted unless it will not save the pleading or if the party is merely seeking to prolong the litigation by adding new but baseless legal theories). The motion for leave to amend the Answer should be granted because it was not filed in bad faith.

C.    **The Amendment of Defendant's Answer Will Not Cause Undue Delay**

Neither will the amendment of the Defendant's Answer cause undue delay. First of all, the motion is not untimely. The Court's case management schedule filed on Friday February 25, 2005 ordered that all motions to amend pleadings must be filed on or before August 1, 2005. Thus both parties were put on notice that the pleadings in this case could change.

Secondly, a key question in "evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) citing *E.E.O.C. v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir.), *cert. denied*, 488 U.S. 889, (1988); *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.), *vacated on other grounds*, 459 U.S. 810 (1982). As stated above, while Defendant and its Counsel were not communicating key facts properly. Consequently, new facts emerged making it clear that Defendant can interpose new legal theories.

Third, only six months have elapsed since Defendant's initial complaint and such a delay cannot be said to be "undue". *See Levine v. Safeguard Health Enterprises, Inc.*, 32 Fed.Appx. 276, 278 (9th Cir. 2002) (finding that district court abused its discretion in denying leave to amend in part because less than nine months elapsed between the filing of the pleading at issue and the order denying leave to amend).

Finally, even assuming that the Defendant had unreasonably delayed the filing of the motion to amend its Answer, "[u]ndue delay by itself ... is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir.1999). The motion for leave to amend the Answer should be granted because it will not cause undue delay.

6

### D. The Amendment of Defendant's Answer Will Not Prejudice the Plaintiff

Prejudice to the opposing party is the most important factor in a ruling on whether or not to grant leave to amend a pleading. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971) (trial court "required" to take potential prejudice into account in deciding Rule 15(a) motion); 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* § 1487 (1990). In this case however, the Plaintiff will not be prejudiced by the amendment of Defendant's Answer.

First of all, as mentioned in the preceding section, both parties were made aware of the August 1, 2005 deadline for the amendment of pleadings. Therefore both parties were aware that the original pleadings may not accurately reflect all of the issues that would eventually arise in the course of the litigation.

Secondly, the addition of the *Burlington Industries/Faragher* defense is not prejudicial because the defense does not advance different legal theories and does not require proof of different facts. *Cf. Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387-88 (9th Cir. 1990) (holding that to permit a party to amend their complaint would require the opposing party to relitigate a portion of their action on the different theories). Defendant's original answer contained an affirmative defense that essentially plead the *Burlington Industries/Faragher* defense. See Answer of Micro Pacific Development, Inc. and Demand for Jury Trial, filed January 31, 2005, at p. 3, Affirmative Defense "D". Affirmative defense "D" read "Defendant took all appropriate steps to protect its employees from sexual harassment once it learned of the conduct of Ishikawa". Thus the Plaintiff was put on notice that the Defendant planned to argue that they were not absolutely liable for alleged Title VII violations committed by their employees. The

addition of a properly plead *Burlington Industries/Faragher* defense if simply a more concise and properly plead defense – not a different legal theory.

The addition of the defense that the Defendant cannot violate Title VII with respect to Arcely Sison and Aurora Salac is also not prejudicial. Defendant was unaware of the identity or employment relationship of these real parties in interest at the time the original Answer was filed because the Plaintiff refused to disclose those names in its Amended Complaint and it was not until discovery began that the identities of these two additional real parties in interest were learned. As the Plaintiff was aware of these facts, they should have been aware that Defendant would raise this defense when the identity of the additional real parties in interest were revealed.

The affirmative defenses that go to the conduct of the real parties in interest were not learned until they were developed in the depositions of those individuals. They were completely unknown at the time the Answer had to be filed because the identities of two of the real parties were concealed from the Defendant in Plaintiff's Complaint. Therefore, since the Plaintiff had access to these individuals before filing the Amended Complaint, and Defendant did not have the same access until their depositions were taken, the Plaintiff cannot claim the amendments the Defendant seeks to make now are prejudicial.

Finally, the Plaintiff will not be prejudiced because discovery is still open. A delay in the litigation will not be required. There is no need to reopen discovery. *See Kaiser*, 244 F.3d at 712 (holding that amendment should be permitted because the amendment would cause no delay in the proceedings and required no additional discovery), *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir.1999) (stating that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice

8

from a delayed motion to amend...."). The motion for leave to amend should be granted because it would not prejudice the Plaintiff in this case.

### E. The Addition of the Well Plead Affirmative Defenses is not Futile

A motion for leave to amend may be denied if it appears to be futile or legally insufficient. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) citing *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir.1986). A proposed amendment is futile, however, "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Rykoff-Sexton, Inc.*, 845 F.2d at 214 citing *Baker v. Pacific Far East Lines, Inc.*, 451 F.Supp. 84, 89 (N.D.Cal.1978); *see also* 3 J. Moore, *Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974) (proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)).

As mentioned briefly above, the Supreme Court has directly ruled on the issue of when an employer can be found vicariously liable for the acts of an employee in the context of an alleged violation of Title VII. This affirmative defense, if established, comprises a complete bar against the Plaintiff's claims in this case. Should Defendant carry its burden on this issue, it would surely not be a futile defense. This is a question of fact that can only be decided by a jury. *See Rykoff-Sexton* at 214 (holding that trial court abused its discretion when it refused to allow questions of fact to be determined by denying leave to amend answer to include an affirmative defense). While Counsel has not found any cases directly speaking to the question of whether an employer can be held accountable under Title VII for violations committed against employees of another corporation, the Defendant believes that it can make a persuasive

argument based on the statutory language of Title VII. The motion for leave to amend the Answer should be granted.

### F. In the Alternative, Defendant Requests the Court to Recognize that the *Burlington Industries/Faragher* Defense Has Already Been Properly Plead

In the alternative, inasmuch as Affirmative Defense D of Defendant's original Answer contained the gravamen of the primary defense the Defendant now wishes to interpose, the Defendant requests the Court to construe its pleading as to already contain such a defense. Affirmative Defense D reads "Defendant took all appropriate steps to protect its employees from sexual harassment once it learned of the conduct of Ishikawa." This defense contains the core assertion of the *Burlington Industries/Faragher* defense in that it maintains that Employers are not absolutely liable for alleged Title VII violations committed by their employees. As such, the Court could simply recognize that under the liberal notice pleading standards of the Federal Rules, the Defendant has already proffered a sufficient *Burlington Industries/Faragher* defense.

The Court could enter such an alternative ruling pursuant to Fed. R. Civ. P. 8 (f). Construction of Pleadings. *See Conley v. Gibson,* 355 U.S. 41, 48 (1957) (The Federal rules clearly "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."); *see also Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462 466 (9th Cir. 1990) (citing to *Conyers*).

K:\Lolit\Saipan Grand (2793)\2793-05-050727-PL-MemoinSupMot2AmendAnswer-leb.doc

## IV.

## CONCLUSION

The Court should grant Defendant leave to amend its Answer because doing so will advance the suit and promote the objective of the federal rules and because Defendant's amended Answer will more clearly plead what it believes are absolute and affirmative defense to the Plaintiff's charges. Furthermore, the amended Answer will allow the Defendant to correct a denial it improperly made in its initial Answer. Finally, the leave should be granted because there is no "apparent or declared" reason for not doing so as this motion has not been made in bad faith, will not unduly delay the proceedings, will not prejudice the opposing party and finally because it does not seek a futile amendment

For the foregoing reasons, the Defendant requests the Court grant it leave to amend its Answer or, in the alternative, to recognize that the *Burlington* defense has already been properly pled.

Dated: August __1__, 2005.

Respectfully submitted,

O'CONNOR BERMAN DOTTS & BANES

By: _____
Michael W. Dotts
Bar ID #F0150

K:\Lolit\Saipan Grand (2793)\2793-05-050727-PL-MemoinSupMot2AmendAnswer-leb.doc

MICHAEL W. DOTTS, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> MICRO PACIFIC DEVELOPMENT, INC. d/b/a SAIPAN GRAND HOTEL, <br><br> Defendant. | CIVIL ACTION NO. 04-0028 <br><br><br> ANSWER OF MICRO PACIFIC DEVELOPMENT, INC. AND DEMAND FOR JURY TRIAL |

**COMES NOW** Micro Pacific Development, Inc. and in response to the Amended Complaint received by Defendant by regular mail on January 25, 2005, states as follows:

I.

ANSWER

1. Micro Pacific Development, Inc. ("Defendant") admits the allegations contained in paragraphs 1, 4 and 5 of the Amended Complaint.

2. Defendant denies the allegations contained in paragraph 7 of the Amended Complaint.

1                                        Exhibit "A"

3.      Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Amended Complaint and on that basis denies said allegations.

4.      As to the allegations made at paragraph 2 of the Amended Complaint, Defendant admits that its "employment practices" take place in this District, but denies that any of its practice are unlawful.

5.      As to the allegations made at paragraph 3 of the Amended Complaint, Defendant admits that Plaintiff has been charged by Congress with enforcing the provisions of 42 U.S.C. §2000e-5(f) and (3), but denies that Plaintiff has been "expressly authorized to bring this action".

6.      As to the allegations made at paragraphs 8, 9 and 10 of the Amended Complaint, Defendant has already denied the factual basis for those allegations by the denial of the allegations made at paragraphs 7. On that basis the allegations made at paragraphs 8, 9 and 10 are also denied.

7.      As to the Plaintiffs introductory paragraph under the heading "Nature of the Action", to the extent Plaintiff actually intends by this paragraph to allege a violation of law by Defendant, it is denied. The true "Nature of the Action" is apparently not known to Plaintiff or it would not have brought this action.

8.      Defendant denies any allegation that it has not specifically admitted.

9. Defendant denies that Plaintiff is entitled to receive from Defendant, the relief prayed for.

## II.

## AFFIRMATIVE DEFENSES

A. Plaintiff fails to state a claim upon which relief can be granted.

B. Plaintiff has unclean hands for failing to make available education and training to employers in the Commonwealth of the Northern Mariana Islands during the full period of time Plaintiff alleges that the Defendant was in violation of Title VII.

C. The Defendant's conduct in developing its anti-discrimination policies and procedures were reasonable in light of the applicable community standards and the availability of training resources to the Defendant.

D. Real Parties in Interest have unclean hands to the extent they failed to promptly report the conduct to Defendant that is alleged to a have occurred despite the affirmative duty to report such conduct as is required by company rules.

E. Real Parties in Interest assumed the risk by not reporting the alleged offensive conduct.

F. Real Parties in Interest waived their claims by not timely reporting the alleged offensive conduct, or are otherwise barred from recovering by the doctrine of laches.

G. Defendant is not responsible for the alleged criminal conduct of Akira Ishikawa.

H. Based on the conduct of Ishikawa as reported by Real Party in Interest Julieta Torres to Defendant, the actions taken by Defendant were reasonable and appropriate.

3

I.  Real Party in Interest Julieta Torres engaged in conduct that invited the alleged wrongful conduct of Akira Ishikawa.

J.  Real Parties in Interest have no damages.

K.  The Defendant exercised reasonable care to prevent and correct any sexually harassing behavior and the Real Parties in Interest unreasonably failed to take advantage of the preventive and corrective opportunities provided by the Defendant.

L.  Micro Pacific, Inc. is not the employer of two of the Real Parties in Interest – Arcely Sison and Aurora Salac – and therefore cannot violate Title VII with respect to them.

## III.

## JURY DEMAND

WHEREFORE, Micro Pacific Development, Inc. demands trial by jury on all issues and claims raised and made in the Amended Complaint.

Dated: July _____, 2005.

                                                  Respectfully submitted,
                                                  O'CONNOR BERMAN DOTTS & BANES

                                                  By: _____
                                                         MICHAEL W. DOTTS