FILED
Clerk
District Court

AUG 18 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

WILLIAM R. TAMAYO - # 084965 (CA)
DAVID F. OFFEN-BROWN - #063321 (CA)
LINDA ORDONIO-DIXON - # 172830 (CA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5654
Fax No. (415) 625-5657

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MICRO PACIFIC DEVELOPMENT, INC. dba SAIPAN GRAND HOTEL,<br><br>Defendant | Civil Action No.: No. 04-0028<br><br>DECLARATION OF LINDA ORDONIO-DIXON IN SUPPORT OF PLAINTIFF EEOC'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO QUASH<br><br>EXHIBITS A-C<br><br>Date: August 25, 2005<br>Time: 8:30 a.m. |

I, LINDA ORDONIO-DIXON, declare as follows:

1. I am employed as an attorney by the plaintiff, Equal; Employment Opportunity Commission, and in that capacity am responsible for the prosecution of this case.

2. I have personal knowledge of the matters stated herein.

3. Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant gave binding testimony which admitted that the company's investigation of Mrs. Torres complaint

P'S REPLY – MOT TO QUASH
DIXON DECL.
CIVIL ACTION NO. 04-0028

1

specifically found that she was sexually harassed by Mr. Ishikawa. A true and correct copy of the testimony to this effect is attached as Exhibit A.

4. Defense counsel himself confirmed that "[t]he investigation conducted by the hotel concluded that [Mrs. Torres'] complaint had merit" and that Mrs. Torres herself told the company what she wanted as a result of her complaint: "Ishikawa not to harass anyone else, she wanted Ishikawa to apologize and she did not want to work in the same department as Ishikawa." A true and correct copy of defense counsel's letter containing these statements is attached at Exhibit B.

5. Mr. and Mrs. Torres were married on August 23, 2002. A true and correct copy of Vincente Torres' deposition testimony to this effect is attached as Exhibit C.

6. Mrs. Torres complained to Defendant's personnel manager about sexual harassment in November of 2002. [See Exhibit B.]

Dated: August 17, 2005

_____
LINDA S. ORDONIO-DIXON

```
                        JULY 26, 2005
                        SUSUPE, SAIPAN
     TAPE 1 SIDE A
        NOTARY:       Okay.  Today is July 26, 2005.  The time
     right now is approximately 10:15 a.m.  I'm MaryAnn
     Calvo, a duly appointed officer of the court for the
     purpose of administering Oaths at the taking of
     depositions pursuant to Rule 28, Rule of Civil
     Procedure and to prepare transcripts for appellate and
     other purposes, pursuant to Rule 36 of the CNMI Rules
     of Practice.  Is there a translator  --- a translator?
        MR. DAVIES:   Yes, ma'am.
        NOTARY:       Okay.  Mr. Translator, do you --- can
     you raise your right hand?  Do you swear to faithfully
     and correctly translate the Japanese language into the
     English language and from the English language into the
     Japanese language the questions of the attorneys and
     the answers of the witness, so help you god?
        MR. DAVIES:   Yes, I do.
        NOTARY:       All right.  The translator has been
     sworn.
        MR. DAVIES:   For the record, shall I put my name on?
        NOTARY:       Yes, please.
        MR. DAVIES:   For the record, my name is James Matthew
     Davies, J-A-M-E-S-D-A-V-I-E-S.
        NOTARY:       Thank you.  And the deponent, please,
     raise your right hand.  Please state your name for the
     record.
        MR. TSUCHIMOTO: My name is Masahiko Tsuchimoto.
        MR. DAVIES:   Masahika — Masahiko Tsuchimoto, —A-S-A-
     H-I-K-O, last name, T-S-U-C-H-I-M-O-T-O.
        NOTARY:       Okay.  Mr. Masahiko Tsuchimto, do you
     solemnly swear that the testimony that you're about to
     give today will be the truth, the whole truth, and
     nothing but the truth?
        MR. TSUCHIMOTO: Yes.
        NOTARY:       The witness has been sworn, you may go
     ahead and proceed.  May I be excused.
        MS. DIXON:    Yes.
        NOTARY:       Thank you.
        MS. DIXON:    This is Linda Ordonio Dixon speaking.  I
     am here on behalf of the plaintiff, Equal Employment
     Opportunity Commission.  Representing the defendant
     here today is Michael Dotts.  We have in the room with
     us today the charging party, Julieta Torres.  And this
     deposition is being recorded by Marianas Multimedia
     Incorporated.  As the notary said, we're here for the
     deposition of Masahiko Tsuchimoto.  And good morning,
```

1

EX A

```
 1             investigation?
 2     A:      No.
 3     Q:      Have you ever heard that Mrs. Torres had sex with Mr.
 4             Ishikawa?
 5     A:      No.
 6     Q:      Based on your investigation, you felt what Mrs. Torres
 7             told you was true, didn't you?
 8     A:      At the --- I did not know how or where he touched her,
 9             but I knew that it was a fact that he had touched her.
10     Q:      So your --- your investigation concluded that Mr.
11             Ishikawa had, in fact, sexual harassed Mrs. Torres, is
12             that correct?
13     A:      Yes.
14     Q:      Did you ever invest --- interview Mr. Demeterio during
15             the course of the investigation?
16     A:      I have --- I did not directly interview him.
17     Q:      Do you know if somebody else interviewed during the
18             investigation?
19     A:      I think that just --- I think just talked to him or
20             interviewed him.
21     Q:      Okay. What about Frank Dela Cueva, did you interview
22             him during the course of your investigation?
23     A:      I think just did.
24             MR. DOTTS:          [INAUDIBLE].
25             TRANSLATOR:    Wonder if I was there or not.
26     Q:      Okay. But Mr. Aldan would know better whether he
27             interviewed those two men, correct?
28     A:      I think so.
29     Q:      And now during the investigation, Mrs. Torres told you
30             that she wanted Ishikawa not to harass anyone else,
31             correct?
32     A:      I don't really understand the question.
33     Q:      Okay. Wasn't it true that Mrs. Torres that told you
34             that she didn't want Ishikawa to harass anyone else?
35             TRANSLATOR:    One of the result --- can I say one of
36             the result she was seeking?
37             MS. DIXON:     Sure.
38     A:      I don't recall.
39             TRANSLATOR:    Well, is that right?
40     Q:      Well, I --- I'm asking you. I'm going to give you a
41             document to see if it refresh —
42             TRANSLATOR:    Wait. Can I --- can I just make sure I
43             got that question right with him?
44             MS. DIXON:     Sure.
45             MR. DOTTS:     Yeah. No problem. Just [INAUDIBLE]
46             with him.
47             TRANSLATOR:    Yes. There is a little confusion there
48             about having it. Not already happened to someone else,
```

31

<table>
<tr><td>
SAIPAN OFFICE<br>
Second Floor, Nauru Building<br>
P.O. Box 501969<br>
Saipan, MP 96950-1969<br>
Telephone: (670) 234-5684<br>
Fax: (670) 234-5683<br>
Email: attorneys@saipan.com
</td><td align="center">
**O'CONNOR BERMAN DOTTS & BANES**<br>
ATTORNEYS AT LAW<br>
SAIPAN OFFICE
</td><td>
HONOLULU OFFICE<br>
Suite 2800, Pacific Tower<br>
Bishop Square, 1001 Bishop Street<br>
Honolulu, Hawaii 96813-3580<br>
Telephone: (808) 585-8858<br>
Fax: (808) 599-4198<br>
Email: Mark@Shklovlaw.com
</td></tr>
<tr><td>
POHNPEI OFFICE<br>
2nd Floor, Ace Commercial Bldg.<br>
P.O. Box 1491<br>
Colonia, Pohnpei, FSM 96941<br>
Telephone: (691) 320-2868<br>
Fax: (691) 320-5450<br>
Email: bcrmlaw@mail.fm
</td><td></td><td>
GUAM OFFICE<br>
Suite 503, Bank of Guam Building<br>
111 Chalan Santo Papa<br>
Hagåtña, Guam 96910<br>
Telephone: (671) 477-2778<br>
Fax: (671) 477-1366<br>
Email: bermlaw@kuentos.guam.net
</td></tr>
</table>

May 9, 2003

By Telecopy and Mail

Emily Mauga
Commission Representative
U.S. Equal Employment Opportunity Commission
Honolulu Local Office
300 Ala Moana Blvd., Room 7 - 127
P.O. Box 500082
Honolulu, HI 96850-0051
Fax No (808) 541-3390

    Re:    *Julieta B. Torres v. Saipan Grand Hotel,*
           EEOC Charge No. 378A300197

Dear Ms. Mauga:

    The undersigned represents the Respondent Micro Pacific Development, Inc. dba Saipan Grand Hotel with regard to the above referenced matter. This letter will serve as the Respondent's formal position statement with respect to the above-referenced charge.

    Respondent denies that Julieta B. Torres was discriminated against because of her sex, female or in retaliation for complaining about discrimination.

### Factual Background

    Complainant was hired as a kitchen helper on March 23, 1998. She subsequently married a U.S. citizen and changed her status from a non-resident worker to a non-alien immediate relative on October 12, 2002. See Exhibits "A" and "B."

    In late November, 2002, the hotel received a complaint from Torres alleging sexual harassment by Akira Ishikawa, an assistant chef. The hotel immediately conducted an investigation, based on a company policy that prohibits sexual harassment. On November 26, 2002, the hotel issued a letter to Ishikawa notifying him of the company policy against sexual harassment and warning him of the consequences of a violation. See Exhibit "C." The investigation conducted by the hotel concluded that the complaint had merit.

EEOC 093    EX B

The company counseled Torres regarding the incident. Torres indicated that she wanted Ishikawa not to harass anyone else, she wanted Ishikawa to apologize, and that she did not want to work in the same department as Ishikawa.

The hotel disciplined Ishikawa by suspending him without pay for five (5) days from December 2 to December 6, 2002. See Exhibit "D." Ishikawa was also required to write Torres a letter of apology. See Exhibit "E." The hotel then transferred Torres out of the Aoi kitchen as a kitchen helper to the housekeeping department as a housekeeper/cleaner with the same rate of pay. See Exhibit "F."

Both Torres and Ishikawa are still working at the hotel at the present time. As stated above, the hotel required Ishikawa to apologize and warned him against any further violation. Ishikawa has not been involved in any subsequent incidents with other employees, as far as the hotel is aware, and if the hotel finds that Ishikawa has again sexually harassed an employee, the next level of discipline Ishikawa will face will be termination.

### The charges have no merit

There is no merit to the charge that Respondent discriminated against Torres. When she filed her complaint against Ishikawa, Respondent immediately investigated the matter, and after finding merit with the charge, suspended Ishikawa and required him to write a letter of apology to Torres. Respondent granted Torres' transfer request. Respondent denies that Torres was asked to write a letter of apology to Ishikawa. Torres was asked only to sign an acceptance of the apology that Ishikawa had been required to make but Torres was not required to accept the apology. She in fact refused to sign the acceptance.

Torres has not been precluded from seeking other remedies against Ishikawa such as filing a criminal or civil complaint against him. The record of this incident is also now part of Ishikawa's personnel file and it will be taken into consideration at the time of his contract renewal.

Respondent has an employee handbook outlining the hotel's policies, and its rules and regulations. The handbook is given to each employee upon hiring. The hotel has a policy against sexual harassment, as contained in its handbook (pages 36 to 39) See Exhibit "G." Any employee who believes that he or she is subjected to harassment or discrimination is required to report this to management. The hotel then conducts an investigation. The hotel does not tolerate discrimination or harassment. Any employee found after an investigation to have engaged in harassment or discrimination will be subject to severe disciplinary action. The hotel also has a policy prohibiting retaliation and a policy of confidentiality.

Respondent has not received any sexual harassment complaints from its employees, except this one.

## CONCLUSION

Respondent Saipan Grand Hotel denies that it discriminated against the Complainant. The charges should be dismissed.

Truly yours,

Michael W. Dotts

Enclosed: as indicated
Cc: Saipan Grand Hotel

2793-03-030509-LET-EMauga.response.EEOC.wpd

3

EEOC 095

```
                        JULY 22, 2005
1
2     MR. DOTTS:       All right. We're on the record now.
3     This is the time and place for the deposition of
4     Vicente Torres in the case of Equal Employment
5     Opportunity Commission versus Micro Pacific
6     Development, Civil Action 04-0028 pending in the United
7     States District Court for the Northern Mariana Islands.
8     My name is Michael Dotts, appearing on behalf of the
9     defendant. [INAUDIBLE] running our tape recorder. Linda
10    Ordonio-Dixon is here for the EEOC. And we have the
11    witness here and AJ is filming us. Am I correct we
12    have a stipulation? We're a little bit late to start,
13    and my notary has run off. We're stipulating that Mr.
14    Torres will give his testimony under oath?
15    MS. DIXON:       We are ---- we are.
16    MR. DOTTS:       All right. I'll explain it to Mr.
17    Torres. Good morning, Mr. Torres.
18    MR. TORRES:      Good morning, Sir.
19    MR. DOTTS:       All right. This is a deposition. Have
20    you every had your deposition taken before?
21    MR. TORRES:      No, Sir. This is my first time.
22    MR. DOTTS:       What's going to happen is, I'm going to
23    ask questions, and you'll answer my questions and its
24    all been tape recorded and its also being video taped.
25    And the ---- the audio tape probably will be used to
26    write up a booklet, the questions and answers.
27    MR. TORRES:      Okay.
28    MR. DOTTS:       Because of that, it is important that we
29    both keep our voices up.
30    MR. TORRES:      Yeah. Okay.
31    MR. DOTTS:       And it is also important that we ----
32    that, for you, you answer by speaking.
33    MR. TORRES:      Uhmn.
34    MR. DOTTS:       If you nod your head answer "yes," the
35    tape recorder won't pick it up, so all the books will
36    show my questions and blank spaces, so you got to
37    remember to speak up, all right? I ---- I often ask
38    witnesses if there's any reason why they can't be
39    deposed today such as if they're sick or just not
40    feeling well. Is there any reason why you can't be ---
41    - give your deposition today?
42    MR. TORRES:      What's that, Sir?
43    MR. DOTTS:       Is there any reason why you can't have
44    your deposition taken today?
45    MR. TORRES:      I don't know. There's none.
46    MR. DOTTS:       Okay. Is there      for example, how's
47    your health? Are you sick today?

                              7
```

Ex C

```
 1            It never happened with you and your wife?  Did you ever
 2            go to a party where there were other employees of Grand
 3            Hotel?
 4    A:      Yeah, our Christmas party.  Employees' Christmas party.
 5    Q:      All right.
 6    A:      That's where we, you know, we party because that's our
 7            celebration time.
 8    Q:      Okay.  Did you ever hear employees talking about
 9            Ishikawa at the party?
10    A:      No, Sir.
11    Q:      Other than the Christmas party, did you or your wife
12            ever socialize with other employees of the Grand Hotel?
13    A:      No, Sir.  I don't remember, Sir.  I don't know, Sir.
14    Q:      Okay.  Did you ever invite ---- did you wife ever invite
15            other workers to your house for dinner?
16    A:      One time, Sir, our first year married anniversary, we
17            make a little bit of barbecue and, you know, a little
18            bit food on the beach so all the friends were there and,
19            you know, celebrating, eating, you know, drinking.  You
20            know what I mean.
21    Q:      Okay.  That'll be 2003?
22    A:      Uhmn.
23    Q:      Your first anniversary was in 2003?
24    A:      Yes, yes, Sir.  That's in August 23rd, Sir, 2002 when we
25            get married.  So on the 23rd on 2003, that's the time we
26            celebrate our first year anniversary.  After that, you
27            know, we don't because what for?  We celebrate each
28            other.
29    Q:      All right.  And other than that anniversary, you don't
30            recall having any ---- any other employees from the
31            Grand Hotel come over to your house for dinner?
32    A:      In my birthday, Sir.  In my birthday.  Only once.
33    Q:      Okay.  Your birthday is February?
34    A:      3rd, 1972.
35    Q:      Okay.  So you may have had a party February 2003?
36    A:      That's 2002, Sir.
37    Q:      You had a party February 2002?
38    A:      It's not really big party.  It's just a barbecue, you
39            know.
40    Q:      All right.
41    A:      Cocktail party.  Just stand up and eat your own food,
42            you know.
43    Q:      Did other employees from Grand Hotel come?
44    A:      Mostly the gardeners.  Gardeners.
45    Q:      Anybody from the kitchen come?
46    A:      No, Sir, because they're working that night.  They are
47            night shift.  Some of them are night shift.  And even
48            though I invite them, they will not come because they
```

34

## CERTIFICATE OF SERVICE

I am a citizen of the United States employed in the County of San Francisco, over the age of 18 years and not a party to this action. My business address is the office of the United States Equal Employment Opportunity Commission, San Francisco District Office, 350 The Embarcadero, Suite 500, San Francisco, CA 94105.

On the date below, I placed a copy of:

**PLAINTIFF EEOC'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO QUASH; DECLARATION OF ORDONIO-DIXON IN SUPPORT OF EEOC'S REPLY TO DEFEDANT'S OPPOSITION TO MOTION TO QUASH - EXHIBITS A-C**

in the U.S. Mail with adequate postage and addressed to:

Michael W. Dotts
O'CONNOR BERMAN DOTTS & BANDES
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950-1969

This document was also served via fax to (670) 234-5683.

I certify under penalty of perjury that the above is true and correct.

DATED: Aug 17, 2005