1  WILLIAM R. TAMAYO - #084965 (CA)
   DAVID F. OFFEN-BROWN - #063321 (CA)
2  LINDA ORDONIO-DIXON - #172830 (CA)
3  EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
   San Francisco District Office
4  350 The Embarcadero, Suite 500
   San Francisco, CA 94105-1260
5  Telephone No. (415) 625-5654
6  Fax No. (415) 625-5657

7  Attorneys for Plaintiff

FILED
Clerk
District Court

AUG 2 5 2005

For The Northern Mariana Islands
By_____
          (Deputy Clerk)

8
9               UNITED STATES DISTRICT COURT
10              FOR THE NORTHERN MARIANA ISLANDS
11
12
13  EQUAL EMPLOYMENT          )   CIVIL ACTION NO. 04-0028
    OPPORTUNITY COMMISSION,   )
14                            )   PLAINTIFF'S REPLY TO
              Plaintiff,      )   DEFENDANT'S OPPOSITION TO
15       v.                   )   MOTION TO AMEND
                              )
16  MICRO PACIFIC DEVELOPMENT )
17  INC. d/b/a SAIPAN GRAND HOTEL, )   Date: September 1, 2005
                              )   Time: 8:30 a.m
18            Defendant.      )
19                            )
20  _____)

21       Plaintiff Equal Employment Opportunity Commission files the instant Reply to Defendant's
22  Opposition to Motion to Amend. In sum, Defendant Micro Pacific Development (MPD) raises
23
24  arguments which fail according to established case law, the facts in this case, and in logic.
25  Accordingly, the Court should grant Plaintiff's Motion to Amend the Complaint to add Asian Pacific
26  Hotels Inc. (APHI) as a Defendant in this lawsuit.
27
28
    P's Reply to D's Opposition to Motion to
    Amend Complaint                              1
    04-0028

## I. Plaintiffs Proposed Amendment of the Complaint Is Not Futile Or Legally Insufficient

Defendant argues that the amendment of the Complaint is futile or legally insufficient. When a motion to amend is opposed on such grounds, the standard of review in considering the motion is the same as that used to determine the sufficiency of a complaint challenged on the basis of a failure to state a claim under the Fed R.Civ. Pro.12(b)(6). *Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1061 (D.Ariz. 2003) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988)). Under this standard, the Court is to determine only whether the pleadings are sufficient to establish a legal claim, not whether the plaintiff could find evidence to support the pleadings. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). Since denial of a plaintiff's motion to amend based on futility of the proposed amendment has the effect of granting a motion to dismiss the plaintiff's proposed claim, the Court should construe all pleaded facts in the complaint as true and draw all inferences in favor of the Plaintiff. As noted by the Ninth Circuit in *Miller*, a proposed amendment is futile only if no set of facts could be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller at* 214. (internal citations omitted).

In support of its argument that joining APHI would be futile or legally insufficient, Defendant argues that "contrasting" the facts of *Bates v. Pacific Maritime Ass'n.*, 744 F.2d 705 (9th Cir. 1984) to the instant case shows APHI is not a successor to MPD. The "differences" noted by Defendant, the size of a plaintiff class or the existence and "fundamental purpose" of a consent decree, are not factors considered in determining successorship. Instead, a Court is to examine the continuity of the workforce and operations, notice to the successor of the predecessor's legal obligation under the lawsuit and the ability of the predecessor to provide relief. *Criswell v. Delta Airlines, Inc.* 868 F.2d

P's Reply to D's Opposition to Motion to
Amend Complaint                                    2
04-0028

1093, 1095 (9th Cir. 1989). Even despite the fact that Plaintiff has not had the opportunity to conduct formal discovery into the *Criswell* elements, it is clear from the record thus far that APHI is a successor to Defendant.

### A. Continuity In Operations and In The Workforce

As Defendant admits, "most of the rank and file employees" continued to work at Saipan Grand Hotel after the sale to APHI. [Defendant's Opposition at page 11, line 10.] Defendant's argument that there is no continuity of the operations and/or workforce is based primarily on its assertion that as a result of the sale "there has been a complete change in management."[1] [Defendant's Opposition Brief at page 11, lines 11-12.] However, Defendant provides no evidence to support this purported fact and indeed Defendant's own Fed.R.Civ. Pro 30(b)(6) deposition testimony is contradictory. Jesus Aldan, Defendant's Personnel Manager, and one of the managers who received and investigated Mrs. Torres' November 2002 complaint of sexual harassment, was actually hired by APHI as a Personnel Manager after the sale of the hotel and remained with APHI until he himself made the decision to retire. [Dixon Decl. at ¶3.] In addition, the claimants' direct supervisors, Bonifacio Demeterio and Francisco Dela Cueva, continue to work at the hotel in their supervisory positions. [Dixon Decl. at ¶4.] Plaintiff is also informed and believes that APHI took over MPD's third-party work contracts for numerous Saipan Grand Hotel workers. [Dixon Decl. at ¶5.] Under such contracts, workers like claimant Arcely Sison have continued to perform the

---

[1] Defendant also argues that Saipan Grand Hotel "is being integrated into APHI's hotel property chain" and thus "a finding of successorship is not supported here." This argument fails because Defendant has not provided any evidence of the hotel's integration. And, even if such evidence existed, it would be counterbalanced by the fact that as observed by the court in *Bates*, the predecessor's workforce has continued operations as if the transfer of ownership never took place. *Bates* at 1095.

P's Reply to D's Opposition to Motion to
Amend Complaint           3
04-0028

same work they did prior to the hotel's sale. [Dixon Decl. ¶5.]

In sum, there is no question that this factor of the *Criswell* analysis is met.

B.     Notice

Defendant next argues that because there is "no consent decree, injunction or judgement entered" in the instant case "there was nothing to put APHI on notice of." As such, Defendant concludes that there could be no notice to APHI. Apparently Defendant is unaware that a consent decree, injunction or judgment could be ordered in this case.

The "notice" factor of the Criswell analysis simply requires a potential successor to have known about "potential liability." *Sandoval v. Saticoy Lemon Ass'n* 747 F.Supp. 1373, 1383 fn. 8 (C.D.Cal.,1990)(finding that employer had notice of "potential liability" in part because the lawsuit against the predecessor had "been widely publicized ... in the local press.") As noted in Plaintiff's moving brief, this public enforcement lawsuit received widespread media attention. It is difficult to imagine that APHI, a company involved in the operation of several hotels on Saipan, would be ignorant of such news. Moreover, it would be remarkable if this issue was not addressed during the negotiations concerning the sale of the hotel. And, although it is certainly in a position to do so, it is very telling that Defendant does not deny that notice of the lawsuit was provided to APHI in its sale disclosures.

Plaintiff believes that discovery will reveal numerous other ways in which APHI was put on notice of the instant lawsuit. However, even absent such discovery, this Criswell element is clearly met.

//

P's Reply to D's Opposition to Motion to
Amend Complaint        4
04-0028

Received  Aug-25-2005  13:36  From-14156255609  To-US DISTRICT COURT, N  Page 005

### C. Inability of Predecessor to Provide Relief

In this lawsuit, the EEOC has requested injunctive relief. This is needed because two claimants and their supervisors during the harassment, Bonifacio Demeterio and Francisco Dela Cueva (whom among others Plaintiff alleges failed to report, address and correct the sexual harassment), continue to work at Saipan Grand Hotel. [Dixon Decl. at ¶4.] While Defendant tries to pin the blame of this lawsuit solely on the harasser, Akira Ishikawa, Defendant's liability in this case is the result of Defendant's own failure to take even the most basic steps to prevent and correct Mr. Ishikawa's sexual harassment of the claimants. Based on the depositions of the supervisors, it appears that there continues to be a lack of competent training and policies in place to adequately protect the claimants and other Saipan Grand Hotel workers against sexual harassment under APHI's management. For example, the claimants and both supervisors testified that they have never received any sort of sexual harassment training. [Dixon Decl. at ¶6.] As such, APHI should clearly be joined in the lawsuit for the purposes of injunctive relief ordered by the Court if Plaintiff is successful at trial. Indeed, it makes much more sense to include APHI now rather than post-trial (as Defendant's arguments here suggest) so that APHI may be involved in the defense of the lawsuit and have a fair opportunity to conduct discovery on whatever defenses it may choose to raise in opposition to Plaintiff's claims here.

APHI is also needed to insure any award of monetary damages. Defendant argues that its inability "to satisfy a judgment is entirely speculative" and that it has not been shown that Defendant is unable to provide adequate relief. However, as set out in Plaintiff's moving brief, Defendant's

P's Reply to D's Opposition to Motion to
Amend Complaint                                     5
04-0028

own counsel admitted that Defendant is judgment proof. [Plaintiff's Moving Brief, page 8, lines 16-17.] And, Defendant's opposition contains no denial of this fact. Instead, Defendant's Opposition confirms that all of MCD's assets are held by a foreign corporation. [Declaration of Dotts, page 2, ¶8.] Thus, Defendant has provided no assurance that any monetary judgment could be paid by the company.

It would go against the very spirit of Title VII to allow a company to sell its assets, transfer these funds so that they are unreachable by a judgment based on discrimination and, by terms of the asset's sale contract, shield the successor who continues the business from liability. As such, the Court should allow Plaintiff to amend its complaint to include APHI.

## II.  Plaintiff has not filed this motion in bad faith

Defendant contends that Plaintiff delayed the filing of this motion in bad faith. Plaintiff did not gain any advantage from the time it took to file the instant motion and Defendant, as explained below, suffered no prejudice. As set out in Plaintiff's moving brief, Plaintiff did not learn until recently that Defendant's shares were 100% foreign owned. [Plaintiff's Moving Brief at page 8, lines 6-7.] Defendant claims that as a result of a deposition taken on October 27, 1999, Plaintiff should have been on notice that MPD was foreign owned. [Defendant's Opposition Brief at page 14, lines 6-12.] In truth, the deposition testimony indicated only that "the largest majority shareholder" of MPD was Nagoya Railways which is headquartered in Japan. [Deposition of Masayuki Tsukada dated October 27, 1999, page 7, lines 7-8 and page 8, lines 13-16, filed with Defendant's Opposition.] Plaintiff's recent research revealed that as recently as June of 2004, MPD has had other shareholders, for example Rita H. Sablan, whose nationality is unknown but is suspected to

Defendant's asset information since March 3, 2005. [Dixon Decl. at ¶8.] The parties have engaged in numerous "meet and confer" communications regarding these requests. [Dixon Decl. at ¶8.] Only by letter dated August 16, 2005, has Defendant finally indicated that the requested documents will be produced. [Dixon Decl. at ¶8.]

Simply stated, the instant motion was not filed in bad faith.

### III. Amendment Will Not Result In Undue Delay

Plaintiff incorporates by reference the arguments made by Defendant to support its argument that its own amendment of the pleadings would not cause undue delay. [See, Defendant's Memorandum in Support of Motion to Amend Answer, dated August 1, 2005, page 6, lines 1-28.] In this pleading, Defendant argues that there is no prejudicial delay for its filing of an amended answer since 1) the motion was made prior to the Court imposed deadline, 2) discovery is open, and 3) only a short time has elapsed since the filing of its last pleading. Naturally, all of these arguments apply to the instant motion.

Defendant also suggests that APHI will want to conduct its own discovery and depositions that have been taken could be taken again. [Defendant's Opposition Brief at page 15, lines 2-7.] Plaintiff agrees. However, Plaintiff notes that Defendant has not completed the depositions of the complainants, a vast majority of the written discovery has yet to be produced by Defendant (some of the requested documents are claimed to be in Japan), expert discovery has not yet even begun and Defendant itself is now raising new defenses to the claims in this lawsuit. [Dixon Decl. at ¶9.] In actuality, APHI has not missed much of the case thus far so there is very little that could be redone. In view of the foregoing, adding APHI will result in no undue delay.

## IV. Amendment Will Not Result In Undue Prejudice To Defendant

Defendant argues that the "re-opening of discovery so that a new defendant can prepare its own case" is prejudicial. [Defendant's Opposition Brief at page 15, lines 22-23.] Plaintiff notes the obvious – that discovery need not be "re-opened." Discovery in this case will not close until the end of November. [Dixon Decl. at ¶10.] And, as noted above, much of the discovery in this case has yet to be undertaken. Any prejudice to Defendant is no more than that facing Plaintiff in light of Defendant's assertion of additional new defenses.

Defendant also argues that "delay of the trial requires Micro Pacific to keep its officers retained" and thus is prejudicial. [Defendant's Opposition Brief at page 16, lines 1-3.] Defendant provided no evidence to support this point and, in any event, it simply does not make sense. Nevertheless, even if the trial of this matter were put off for several months, it is difficult to imagine how Defendant's retention of officers for that length of time could result in undue prejudice.

## V. Conclusion

Plaintiff has demonstrated that all the elements required under *Criswell* to determine successor liability are met. In addition, the instant motion was not brought in bad faith and will not result in undue delay or prejudice to the Defendant. Accordingly, the Court should grant Plaintiff's Motion to Amend the Complaint to add Asian Pacific Hotels Inc. as a Defendant in this lawsuit.

//
//
//

P's Reply to D's Opposition to Motion to
Amend Complaint                                  8
04-0028

Date:   August 24, 2005

Respectfully submitted,

_____
LINDA ORDONIO-DIXON
Senior Trial Attorney

Equal Employment Opportunity Commission
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105-1260
Telephone: (415) 625-5654

P's Reply to D's Opposition to Motion to
Amend Complaint                                  9
04-0028

## CERTIFICATE OF SERVICE

I am a citizen of the United States employed in the County of San Francisco, over the age of 18 years and not a party to this action. My business address is the office of the United States Equal Employment Opportunity Commission, San Francisco District Office, 350 Embarcadero Street, Suite 500, San Francisco, CA 94105-1260

On the date below, I placed a copy of:

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO AMEND and DECLARATION OF DIXON IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO AMEND EXHIBITS A-B**

in a franked envelope, which I deposited in the United States Mail, addressed to:

Michael W. Dotts
O'CONNOR BERMAN DOTTS & BANDES
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950-1969

This document was also served via fax to (670) 234-5683.

I certify under penalty of perjury that the above is true and correct.

DATED: August 24, 2005

P's Reply to D's Opposition to Motion to
Amend Complaint                                 10
04-0028