1   **WILLIAM R. TAMAYO - #084965 (CA)**
    **DAVID F. OFFEN-BROWN - #063321 (CA)**
2   **LINDA ORDONIO-DIXON - #172830 (CA)**
3   **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
    **San Francisco District Office**
4   **350 The Embarcadero, Suite 500**
    **San Francisco, CA 94105-1260**
5   **Telephone No. (415) 625-5654**
6   **Fax No. (415) 625-5657**

7   **Attorneys for Plaintiff**

F I L E D
Clerk
District Court

AUG 2 5 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

8                       **UNITED STATES DISTRICT COURT**
9
10                    **FOR THE NORTHERN MARIANA ISLANDS**

11

12

13   **EQUAL EMPLOYMENT**               )     **CIVIL ACTION NO. 04-0028**
     **OPPORTUNITY COMMISSION,**        )
14                                      )
                                        )
15          **Plaintiff,**             )     **PLAINTIFF'S DISCLOSURE OF**
                                        )     **EXPERT WITNESS - AMY**
16      v.                             )     **OPPENHEIMER**
                                        )
17   **MICRO PACIFIC DEVELOPMENT**      )
     **INC. d/b/a SAIPAN GRAND HOTEL,** )
18                                      )
            **Defendant.**             )
19                                      )
                                        )
20   _____ )

21          Pursuant to Federal Rules of Civil Procedure, Rule 26(a)(2), Plaintiff, Equal Employment

22   Opportunity Commission hereby discloses to defendant Micro Pacific Development Inc. d/b/a

23   Saipan Grand Hotel the following expert witness information[1].

24

25   _____
        [1]
26   As fact discovery has not yet concluded, Plaintiff reserves its right, pursuant to Rule
     26(e)(1) to supplement, amend and/or correct its designation, the information
27   contained therein and the reports provided thereto.

28

P's EXPERT WITNESS DISCLOSURE - AMY                    1
OPPENHEIMER
CIVIL ACTION NO. 04-0028

Amy Oppenheimer
878 Spruce Street
Berkeley, California 94707
(510) 528-8737

    Ms. Oppenheimer's report dated August 18, 2005, including a list of materials which she

reviewed, are attached as Exhibit A. Her qualifications and publications are set forth in her

curriculum vitae, attached as Exhibit B. A list of those cases for the period of the preceding four

years in which Ms Oppenheimer has given expert testimony, is attached as Exhibit C. Her billing

rates are explained in the "Rate Sheet" which is attached as Exhibit D.

Dated: August 22, 2005

                              EQUAL EMPLOYMENT OPPORTUNITY
                              COMMISSION

                              LINDA ORDONIO-DIXON
                              Attorney for Plaintiff EEOC

1

## CERTIFICATE OF SERVICE

I am a citizen of the United States employed in the County of San Francisco, over the age of

2

18 years and not a party to this action. My business address is the office of the United States Equal

3

Employment Opportunity Commission, San Francisco District Office, 350 The Embarcadero, Suite

4

500, San Francisco, CA 94105.

5

On the date below, I placed a copy of:

6

**PLAINTIFF'S DISCLOSURE OF EXPERT WITNESS - AMY**
**OPPENHEIMER**

7

8

in the U.S. Mail with adequate postage and addressed to:

9

Michael W. Dotts

10

O'CONNOR BERMAN DOTTS & BANDES
Second Floor, Nauru Building

11

P.O. Box 501969
Saipan, MP 96950-1969

12

13

This document was also served via fax to (670) 234-5683.

14

15

I certify under penalty of perjury that the above is true and correct.

16

17

DATED: August 25, 2005

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

                                    Civil Action No. 04-0028

v.

MICRO PACIFIC DEVELOPMENT
INC. d/b/a SAIPAN GRAND HOTEL

        Defendant.
_____/

## PRELIMINARY EXPERT WITNESS REPORT OF AMY OPPENHEIMER

### I Background

        I have been retained on behalf of the plaintiff, Equal Employment Opportunity Commission to render an opinion of the defendant Micro Pacific Development Inc. d/b/a Saipan Grand Hotel actions in preventing, investigating and responding to complaints of sexual harassment, and to what is considered typical and acceptable human resource practice in regard to preventing and responding to sexual harassment, in the workplace. I have been an attorney for over twenty-four years. For more than thirteen years I have trained employers and employees in preventing and responding to harassment and discrimination, consulted on harassment and discrimination policies, acted as a neutral investigator of charges of discrimination in employment, and testified as an expert witness in retaliation, discrimination and harassment cases. From 1986 to 1990 I Investigated EEO complaints for federal government agencies. I co-authored a book

**Exhibit A**

Equal Employment Opportunity Commission v. Micro Pacific Development Inc. d/b/a Saipan Grand Hotel
Report of Amy Oppenheimer
Page 2

about investigating workplace harassment, entitled: *Investigating Workplace*

*Harassment: How to be Fair, Thorough and Legal*, published in 2002 by Society for

Human Resource Management. Since 1992 I have also served as an Administrative Law

Judge for the State of California. My CV, rate sheet and list of cases I have testified in

are attached.

My understanding is that discovery has not yet closed and therefore I have not yet

had an opportunity to review all of the evidence in this case. Hence my opinions are

preliminary and may be augmented after further discovery is completed.

## II Material reviewed

I have reviewed the following materials in forming my opinion:

A. Plaintiff EEOC's Responses to Defendant's First Set of Requests for

    Interrogatories and Documents with bate stamped documents attached (EEOC

    001 – 137)

B. EEOC document bate stamped EEOC0118 with translation

C. Documents bate stamped 00001 – 00009; 00541 - 00572

D. Notice of Corporation Deposition

E. Notice of depositions: Jesus Aldan, Masahiko Tsuchimoto, Bonafacio

    Demelrio, Francisco Dela Cueva

F. Documents: 00591; 00588; 00587; 00541 – 00572; 00597; 00107; 00370;

    00007 – 00010; 00101 – 00102; 00002 – 00003; 00462- 00464; 00442; 00426;

    EEOC ex. 13; 00063; EEOC 076; 00009.

G. Deposition of Masahiko Tsuchimoto.

H. Deposition of Jesus Aldan.

Equal Employment Opportunity Commission v. Micro Pacific Development Inc. d/b/a Saipan Grand Hotel
Report of Amy Oppenheimer
Page 3

    I.  Deposition of Julieta Torres (June 3, 2005 and July 20, 2005).

    J.  Deposition of Aurora Salac (June 1, 2005 and July 19, 2005)

    K.  Deposition of Renen Ansus

    L.  Deposition of Vicente Torres

    M.  Deposition of Francisco Dela Cueva

    N.  Deposition of Bonafacio Demetrio

    O.  Deposition of Arcely Sison

**III Opinions**

      1.  **Defendant Failed to Follow Usual and Customary Human**

          **Resource Practice in the Area of Sexual Harassment Prevention**

          **and Response**

It is usual and customary human resource practice to educate employees,
supervisors and managers about sexual harassment and take steps to prevent workplace
harassment. Defendant failed to follow this usual and customary practice in several
respects.

First, the employer's policies regarding harassment were only available in
English, a language that many employees (perhaps most employees) cannot read.
Policies that cannot be easily read and understood by employees are essentially useless.
Moreover, there was no verbal information or training provided to employees about the
policies. The defect of the unavailability of policies in the language read by the
employee could have been addressed by clear verbal instructions about harassment. This
should include what harassment consists of, that it violated the employer's rules and

Equal Employment Opportunity Commission v. Micro Pacific Development Inc. d/b/a Saipan Grand Hotel
Report of Amy Oppenheimer
Page 4

would not be tolerated, that there would be no retaliation for complaining, and instructions on how to complain. No such information or training was provided here.

Supervisors, managers and complaint handlers were also not trained about harassment. This is a significant derivation from accepted human resource practice. In order to know how to properly respond to complaints of harassment supervisors should be thoroughly trained on how to identify and respond to any notice of harassment. Complaint handlers should have even more extensive training on how to investigate complaints. None of this occurred here. All of the supervisors/managers involved in this case admitted receiving no training on how to execute their duties and none knew basic techniques of how to investigate and respond to such complaints.

It must be emphasized that the work force here is especially vulnerable to harassment. The work force is largely low paid immigrant labor working in a hotel/restaurant environment. This type of workplace typically has a large incidence of harassment and this type of population is particularly fearful of complaining. The risks associated with complaining are great – loss of subsistence level work and perhaps not being able to stay in Saipan. Many of the employees are Filipino women performing unskilled work. Culturally this group tends to have a difficult time defying authority.

In fact there was evidence that people who did complain about workplace harassment and other problems did not have their contracts renewed. As employees become aware of this occurring, it has a chilling effect other employees coming forward with complaints. For all of these reasons it is particularly important for the employer to have clear rules against harassment that are visibly enforced. Without this it would be unlikely that complaints of harassment would surface. The point of prevention policies is

Equal Employment Opportunity Commission v. Micro Pacific Development Inc. d/b/a Saipan Grand Hotel
Report of Amy Oppenheimer
Page 5

to ensure that these complaints do surface as soon as possible so that harassment does not worsen.

### 2. Defendant did not Have Adequate Systems in Place to Track Harassment Complaints

It is important that employers keep records of harassment complaints and that they be able to access these records as other complaints surface so that any disciplinary action taken takes past complaints into effect. Here there was evidence of past complaints of harassment and/or workplace violence involving the same perpetrator yet there was no written record. Nor did it appear that disciplinary action had been taken in regard to those past complaints. Also, the ultimate discipline here did not appear to factor in the past complaints. The defendant's failure to document, track and take into account these past complaints is inconsistent with appropriate human resource practice.

### 3. Defendant's Failure to Take Action to Respond to Notice of Workplace Harassment was Inconsistent with Appropriate Human Resource Practice

There was substantial evidence that Ishikawa had harassed numerous women, that a number of women had complained to supervisors about the harassment (including complaints to Shizimu, Matsumoto, Demetrio and Dela Cueva) and that harassment occurred in front of supervisors (such as Demetrio and Dela Cueva). Appropriate human resource practice is to take action any time there is a complaint of conduct that would violate rules against harassment and when a supervisor sees or hears about something that would violate rules against harassment. There was a repeated failure to do so here. Rather, when supervisors were notified they took little or no action and when harassment

Equal Employment Opportunity Commission v. Micro Pacific Development Inc. d/b/a Saipan Grand Hotel
Report of Amy Oppenheimer
Page 6

was viewed no action was taken. There was evidence (some contested and some not) that supervisors saw Ishikawa unhook employees' bra straps, touch employees' breasts and touch employees' buttocks with a chopstick. Plaintiff Torres herself asked to have her schedule changed because of his treatment, and made a detailed complaint about the harassment to Shimizu.

It was uncontroverted that supervisors saw and heard Ishikawa yell at employees and throw things. While the later may not be sexual harassment, it was abusive behavior that should not be tolerated at the workplace. Yet little or no action was taken to rein Ishikawa in and he was allowed to harass employees for an extended period of time without consequence. Clearly this went entirely against all accepted human resource practices.

### 4. Defendant Failed to do a Reasonable, Fair and Thorough investigation of Julieta Torres' Complaint

Ultimately Torres complained to Tsuchimoto and Aldan was tasked to investigate the complaint. However a reasonable and through investigation did not occur. Instead there were brief conversations with Torres and Ishikawa. There was no attempt to find out the extent and severity of the harassment (which is necessary in order to determine what disciplinary action is appropriate), there was no attempt to talk to other supervisors and managers as to what they had observed and there was no timely attempt to speak with other potential victims. Aldan testified that about a month after the complaint he did speak to some of the women who worked under Ishikawa however this was certainly not a timely response moreover these were very brief discussion — Aldan referred to them as "spot checks". Tsuchimoto's conversations with Torres and Ishikawa were even more

Equal Employment Opportunity Commission v. Micro Pacific Development Inc. d/b/a Saipan Grand Hotel
Report of Amy Oppenheimer
Page 7

abbreviated. Thorough interviews should have taken place immediately following the complaint.

In fairness, Aldan had no training or experience with investigating such complaints and little power to take any action against Ishikawa. Thus even if he wanted to act in good faith, he didn't have the ability to do so. It is the employer's responsibility to ensure a thorough investigation by someone with the ability to do the job. This did not occur here.

One thing that did occur that was particularly troubling was the "Japanese style" interview that involved forcing Torres to detail her complaints in front of five male managers. While this may (or may not) be how it is done in Japan, it is not how things are done under accepted U.S. practice. Such an atmosphere is hardly conducive to someone being forthright about conduct that they may very well find embarrassing and hurtful to discuss, especially in front of men. This was yet another policy designed to prevent victims of harassment from coming forward.

> **5. Defendant's Actions After the Complaint and "Investigations" were Inconsistent with Usual and Customary Human Resource Practice and Could have a Chilling Effect on Other Employees' Coming Forward**

Defendant did make a determination that Ishikawa had engaged in unwanted touching (harassment) in violation of it's rules. The steps it took to remedy the situation were, however, problematic and not consistent with usual and customary human resource practice in several respects.

Equal Employment Opportunity Commission v. Micro Pacific Development Inc. d/b/a Saipan Grand Hotel
Report of Amy Oppenheimer
Page 8

First, Torres was asked to sign a "forgiveness" letter.  Torres had no obligation to

forgive Ishikawa for sexually assaulting her nor did she have any obligation to forgive the

employer for allowing it to happen.  Asking her to sign such a letter was a heavy-handed

abuse of power that was totally outside any accepted practice.  Worse, defendant asked

her to agree not to sue them for the behavior.  The fact is that Torres had every right to

take any legal action she wanted to pursue and proper practice is to inform individuals of

these rights and make it clear that no action will be taken in retaliation for pursing legal

remedies.  Defendant's actions were just the opposite.

Second, the defendant decided to keep Ishikawa on for economic reasons, putting

the convenience and profit of the employer in front of the health and safety of its'

employees.  The fact that Ishikawa would be difficult to replace should have had no

bearing on what action was taken against him.  Decisions about disciplinary action should

be made based on the seriousness of the conduct (which here was quite serious) rather

than the importance of the employee.

Having made the seriously misguided decision to keep Ishikawa on until his

contract expired the employer failed to monitor the work environment to ensure that his

behavior did not continue.  Further the defendant did not institute training for Ishikawa,

other supervisors/managers or the staff.  In essence, nothing was learned and nothing

changed from this devastating event.

Lastly, defendant failed to take affirmative steps toward the complainant and

instead put her in a position where she needed to transfer.  It is a basic human resource

principal that if it is unreasonable to expect the complainant and respondent involved in a

harassment situation to work together, the harasser should be the one transferred, not the

Equal Employment Opportunity Commission v. Micro Pacific Development Inc. d/b/a Saipan Grand Hotel
Report of Amy Oppenheimer
Page 9

victim. Nor did they get back to Torres with the results of the "investigation" nor did

they follow through with her to see how she was doing. All of these steps are routine in a

situation such as this.

## IV.   Conclusion

Defendant's actions in failing to prevent workplace harassment, failing to take

action when on notice of harassment, failing to adequately investigate workplace

harassment and failing to take appropriate action to deter it's manager from harassing

employees was seriously deficient. The actions of defendant deviated from standard and

customary practice in many significant ways.

Respectfully submitted,

Amy Oppenheimer

Dated: August 18, 2005

**Amy Oppenheimer**
**878 Spruce Street**
**Berkeley, California 94707**
**(510) 528-8787**
**amy@amyopp.com**

## PROFESSIONAL EXPERIENCE

*Sexual Harassment/Employment Discrimination Consultant* - investigates and mediates internal employment disputes and provides expert advice, training and testimony on workplace harassment and employment discrimination cases - 1996 to present.

*Administrative Law Judge:* California Unemployment Insurance Appeals Board, Oakland Office of Appeals - presides over unemployment, disability and tax cases, takes testimony, decides on evidence and writes decisions - 1992 to present.

*Arbitrator:* Alameda County Superior Court - 1989 to 1992; American Arbitration Association - 1989 to present; The International Commission on Holocaust Era Insurance Claims Appeals Tribunal – Appointed December 2003.

*Mediator:* Berkeley Dispute Resolution Services - 1989 to present; American Arbitration Association - 1996 - present; Alameda County Bar Association - 1996 to 1999; Equal Employment Opportunity Commission – 2001 – present; United States Postal Service REDRESS program – 1998 – present.

*Senior Consultant:* Anderson-davis, Inc., Aurora, Colorado - provided training to businesses on how to recognize, prevent and investigate sexual harassment. Partial list of companies trained: Prudential Insurance, Chevron USA, Northern Telecom, Whirlpool, Lockheed-Martin, Pacific Telesis - 1992 to 1996.

*Partner, Levy & Oppenheimer,* Oakland, California - law practice that specialized in litigating sexual harassment and employment discrimination cases - 1984 to 1992.

*Judge Pro Tem:* Alameda County Municipal Courts - 1989 to 1992.

*Investigator:* Delany, Siegel, Zorn & Associates, Investigated complaints of employment discrimination within the federal government - 1986 to 1990.

*Staff Attorney:* Legal Services of Northern Virginia Inc., Prince William Legal Aid Branch, Manassas, Virginia - represented indigent individuals in areas of landlord/tenant, consumer, public benefits and family law - 1982 to 1984

*Reginald Heber Smith Fellow (REGGIE):* Legal Aid Society of The New River Valley, Inc., Christiansburg, Virginia - 1980 to 1981

## EDUCATION

Juris Doctor, 1980, University of California, Davis
B.A., 1975, University of California, Berkeley, with Great Distinction; member, Phi Beta Kappa

**MEMBER:**    California bar (active)
              Virginia and District of Columbia Bar (inactive)

**Exhibit B**

Amy Oppenheimer
Page Two

**PUBLICATIONS** (partial list)

*Investigating Workplace Harassment and Discrimination,* Employee Relations Law Journal, Vol. 29, No. 4, Spring 2004.

*The Do's and Don'ts of Investigating Workplace Harassment,* PIHRAScope, Professionals in Human Resources Association, February 2004.

*Experts May Testify on Harassment Policies and Procedures of Employer,* San Francisco Daily Journal, December 11, 2003.

*Using Liability Experts in Sexual harassment Cases,* Sexual Harassment Litigation Reporter, Volume 9, Issue 10, October 2003.

*Making the Best Use of Liability Experts in Discrimination and Harassment Litigation,* Employment Litigation Reporter, Volume 18, Issue 5, October 14, 2003.

*Investigating Workplace Harassment: Ten Steps to Success,* You and the Law Newsletter, 2002.

*Investigating Workplace Harassment: How to Be Fair, Thorough, and Legal,* by Amy Oppenheimer and Craig Pratt, Society of Human Resource Management, 2002.

*"The Aftermath of Faragher and Ellerth - The Impact on Pre-trial Discovery and the Use of Liability Experts In Sexual Harassment Cases",* Conference materials for NELA Convention, June 2000.

*"Employment Discrimination and Harassment",* Chapter 40B of California Torts, Levy, Golden & Sacks, Editors, Matthew Bender & Co., September 1999.

*"Liability Lesson: The Use of an Employment expert In Sexual Harassment Cases can help Jurors Understand the Reasonableness of Investigatory Processes",* Verdicts and Settlements, Supplement to the Los Angeles Daily Journal and San Francisco Daily Journal, May 21, 1999.

Contributed to *"Investigating Sexual Harassment: A Practical Guide to Resolving Complaints",* published by Thompson Publishing Group, Washington D.C., 1998

*"She Said, They Said – To protect themselves from liability for sexual harassment, employers should examine the numerous legal guidelines",* California Law Business, Supplement to the Los Angeles Daily Journal and San Francisco Daily Journal, March 9, 1998

*"Ounce of Prevention – An employer's sexual harassment policies and practices are more important than ever.* Good policies, particularly those involving internal investigations, can avert problems and lawsuits, San Francisco Daily Journal, Employment Law Update, April 16, 1998

*"Working it Out: Using Mediation to Resolve Harassment Complaints",* San Francisco Daily Journal, August 9, 1995.

Contributing author to *Intent vs. Impact: How to Effectively Manage Sexual Harassment Investigations,* Published by Bureau of National Affairs Communications, 1992.

Contributed to *Sexual Harassment in the Workplace;* an interactive training and testing CD-ROM, Media Code, 1994, as an expert.

Amy Oppenheimer
Page Three

**PUBLIC SPEAKING AND TRAINING** (partial list)

*Investigating Workplace Harassment*, Novellus, 2004

Trainer, Northern California Human Resource Association, *Conducting Workplace Investigations: Practical Skills for Internal Investigators*: San Francisco and Fremont, July 2003, San Francisco and San Ramon, January 2004.

*He Said/She Said: Making Credibility Determinations in Harassment Investigations*, NCHRA Annual Conference, September 2003.

*The How To's of Investigating Workplace Harassment*, 46th Annual PIHRA Conference & Exhibition, September 2003.

*Understanding and Preventing Workplace Harassment*, AGY Therapeutics, 2003.

Panelist, Society of Human Resource Management Annual Conference, Philadelphia, June 2002, *"Did He Say What She Said He Said, Or Not? How Does an Investigator Decide?"*

Panelist, National Employment Lawyers Association Eleventh Annual Convention, *"The Aftermath of Faragher and Ellerth: Litigating Hostile Work Environment Cases"*, Washington D.C., June 2000.

*Employment Litigation: Investigations and Human Resource Experts*, Presentation to the Barristers Club of San Francisco Labor & Employment Section, February 2000.

*Investigating Harassment: An Interactive Training*, Sonoma Developmental Center, September 1999

*Mediating EEO Complaints*, 40 hour training for City of San Francisco, August 1999

Panelist and Moderator, Society For Professionals in Dispute Resolution, *"Sexual Harassment: The Role of the Investigator and the Role of the Mediator"*, 1998; *"Resolving Sexual Harassment Complaints"*, 1997

Panelist, Association on Employment Practices and Principles, *"Same-Sex Harassment in the Workplace After Oncale"*, 1998

Panelist, Alameda County Bar Association, *"Investigating Complaints of Sexual Harassment and Discrimination"*, 1998

Panelist, American Bar Association Annual Conference, *"Sexual Orientation Discrimination in the Legal Community"*, 1997

Panelist, Administrative Law Judges Assoc. Annual Forum, 1993, 1994, 1995, 1997, 2001 and 2003.

Speaker, Administrative Law Judges Annual Training, Sexual Harassment, 1992; Family and Medical Leave Act, 1996; Gender Bias, 1997; Preventing sexual harassment, 1999

Speaker, St. Mary's College Paralegal Alumni Assn., 1996, *"Sexual Harassment in the Workplace: Prevention and Response"*

Panelist, 1995 Statewide Minority Attorneys' Conference: *"Alternative Dispute Resolution: Not Just an Alternative Anymore"*

## Amy Oppenheimer

### Cases Testified as Expert Witness at Deposition, Arbitration or Trial

*Jane Doe v. Roe Law Firm*, Superior Court of California, San Francisco County. Sexual harassment case. Retained by defendant, represented by Keith Chrestionson and Maureen McClain, Kauff, McClain & McGuire, San Francisco, California. Testified at deposition on March 27, 1996.

*Bertheaud v. California Department of Corrections*, Superior Court of California, San Francisco County. Sexual harassment case. Retained by plaintiff represented by Tom Duckworth and Kay Lucas, The Lucas Law Firm, San Francisco, California. Deposition taken September 16, 1996.

*Coates and Duran v. Wal-Mart Stores and Toby Alire*, First Judicial District Court, County of Santa Fe, State of New Mexico. Sexual harassment case. Retained by plaintiff represented by Michele Masiowski and Stephen Tinkler, Tinkler & Bennett, Santa Fe, New Mexico. Deposition taken September 23, 1996. Qualified as expert on sexual harassment policies and procedures and testified at trial, December 1996.

*Caldwell v. Novell, Inc, et al.*, Superior Court of California, Santa Clara County. Wrongful termination case. Retained by defendant represented by Millicent S Meroney, Mark Parnes and Jill Daniels, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, California. Deposition taken November 26, 1996.

*Fitzgerald v. Roche Laboratories, et al.*, Superior Court of California, Santa Clara County. Sexual harassment case. Retained by plaintiff represented by Tom Duckworth and Kay Lucas, The Lucas Law Firm, San Francisco, California. Deposition taken January 20, 1997.

*Martinez v. KFC*, Arbitration, State of New Mexico. Sexual harassment case. Retained by plaintiff represented by Stephen Tinkler, Tinkler & Bennett, Santa Fe, New Mexico. Discovery and arbitration deposition taken October 4, 1997.

*Tom & Villarreal v. Jonas, et al.*, United States District Court, Eastern District of California. Sexual harassment case. Retained by plaintiff represented by E. Bradley Nelson, Hagler & Nelson, Vacaville, California, and Paul Gordon, Gordon & Goddard, Oakland, California. Deposition taken October 14, 1997.

*Rankin & Williams v. Darrell Julian Construction*, United States District Court, District of New Mexico. Sexual harassment case. Retained by plaintiff represented by Mark M. Rhodes, Rhodes & Salmon, Albuquerque, New Mexico, and Kathryn Hammel, Cates & Hammel, Los Lunas, New Mexico. Deposition taken December 10, 1997.

*Ramirez v. Wal-Mart Stores*, United States District Court, District of New Mexico. Sexual harassment case. Retained by plaintiff represented by Michele Masiowski and Stephen Tinkler, Tinkler & Bennett, Santa Fe, New Mexico. Deposition taken March 27, 1998.

*Raney v. The California Department of Developmental Service, et al*, Superior Court of the State of California, County of Sonoma. Sexual harassment case. Retained by plaintiff represented by Larry King and Barbara Giuffre, San Francisco, California. Trial testimony given November 19, 1998.

*Molieri v. South San Francisco Police Department, et al,* Superior and Municipal Courts of California, County of San Mateo. Discrimination case. Retained by plaintiff represented by Todd M. Schneider, Austen, Schneider & McCormac, San Francisco, California. Deposition taken December 8, 1998. Qualified as expert on investigations of harassment and discrimination and testified on June 23, 1999.

### Exhibit C

Amy Oppenheimer: Case testimony, page two

*Jackson v. Alameda County, et al*, Superior Court of California, County of Alameda. Sexual harassment case. Retained by plaintiff represented by Char Meaney, Law Offices of Richard J. Werthimer, San Francisco, California. Deposition taken December 23, 1998.

*Cross, et al v. Kaiser Foundation Hospitals, et al*, Superior Court of California, County of Sonoma. Sexual harassment case. Retained by defendant represented by Sarah Robertson, Fitzgerald, Abbott & Beardsley, Oakland, California. Deposition taken March 9, 1999.

*Foster v. Interlake Handling, Inc et al.*, United States District Court, Western District of Kentucky. Sexual harassment case. Retained by plaintiff represented by Douglas H. Morris and Lea Player, Oldfather & Morris, Louisville, Kentucky. Deposition taken June 10, 1999.

*Disponett v. Frankfort Hospital, Inc et al*, Commonwealth of Kentucky, Franklin Circuit Court. Sexual harassment case. Retained by plaintiff represented by Roy D. Snell, Croley, Moore & Snell, LaGrange, Kentucky. Discovery deposition taken September 22, 1999. Trial deposition taken April 6, 2000 and admitted into evidence at trial

*Stites v. Wright Engineered Plastics, et al*, Superior Court of California, County of Sonoma. Sex discrimination and harassment case. Retained by plaintiff represented by Michael G. Miller, Perry, Johnson, Murray, Anderson & Miller, Santa Rosa, California. Deposition taken December 1, 1999.

*Gallo v. Interstate Brands Corp., et al*, Superior Court of California, County of Alameda. Sex discrimination and harassment case. Retained by plaintiff represented by James Farinaro, San Leandro, California. Deposition taken February 17, 2000.

*Oshiro v. Atlantis*, Circuit Court of Hawaii. Sexual harassment case. Circuit Court of Hawaii. Retained by defendant represented by Richard Lesser, Redondo Beach, California. Deposition taken April 25, 2000.

*Englehardt, et al v. County of Modoc, et al.* Sexual harassment and retaliation case. Federal District Court of California. Retained by plaintiff represented by Howard Moore and Felicia Curran, Oakland, California. Deposition taken April 26, 2000.

*Roe et al v. Fillmore Apartments, LLC, et al.* Sexual harassment case. Superior Court of California, County of San Francisco. Retained by plaintiff represented by Dan Feder, San Francisco, California. Deposition taken May 18, 2000.

*Sanders v. PG&E, et al.* Racial harassment/retaliation case. Superior Court of California, County of San Francisco. Retained by plaintiff represented by Dan Feder, San Francisco, California. Deposition taken June 27, 2000.

*Butler v. Hartnell Community College District, et al.* Sexual harassment case. Superior Court of California, County of Monterey. Retained by plaintiff represented by Martin Horowitz and Stephanie Rubinoff, Oakland, California. Deposition taken July 5, 2000.

*Byerly and Lucero v. Compass Groups USA et al.* Sexual harassment case. United States District Court, District of New Mexico. Retained by plaintiff represented by Merit Bennett, Tinkler & Bennett, Santa Fe, New Mexico. Deposition taken September 19, 2000.

*Leca v. Lucky Stores, Inc., et al.* Sex discrimination/harassment case. Superior Court of California, County of Alameda. Retained by plaintiff represented by Melvin Dayley, Oakland, California. Deposition taken October 5, 2000.

## Amy Oppenheimer: Case testimony, page three

***Briscoe-King v. California Dept. of Corrections, et al.*** Discrimination/retaliation case. United States District Court, Eastern District of California. Retained by defendant represented by State of California, Department of Justice, Sacramento, California. Deposition taken December 14, 2000.

***Boisvert v. Martinez Unified School District.*** Age discrimination case. Superior Court of California, Contra Costa County. Retained by defendant represented by Michael Clark, Edrington, Schirmer & Murphy, Walnut Creek, CA. Deposition taken March 29, 2001

***Brenner, et al. v. Ran Ken, Inc., et al.*** Sexual harassment case. United States District Court, District of New Mexico. Retained by plaintiffs represented by Whitney Warner, Noeding & Moody, Albuquerque, New Mexico. Deposition taken April 2, 2001.

***Clark v. Frankfurt Hospital.*** Sexual harassment case. Kentucky state court. Retained by plaintiff represented by Edward L. Lasley, Conliffe, Sandmann & Sullivan, Louisville, KY. Deposition taken May 8, 2001

***Pineda v. Able Building Maintenance Company.*** Sex Discrimination case. Superior Court of California, City and County of San Francisco. Retained by defendant represented by Kenneth Simoncini, San Jose, California. Testified at trial September 12, 2001.

***Silva v. Stockton Further Processing, Inc., et al.*** Sexual harassment case. Superior Court of California, San Joaquin County. Retained by plaintiff represented by Robert Lazo, San Francisco, California. Deposition taken October 12, 2001. Testified at trial November 1, 2001.

***Shafiq v. J.R. Simplot Company, et al.*** National origin harassment/discrimination case. Superior Court of California, San Joaquin County. Retained by plaintiff represented by Susiejane Eastwood, Stockton, California. Deposition taken October 18, 2001.

***White v. Chevron Corporation, Inc.*** Race discrimination case. United States District Court, Northern District of California. Retained by plaintiff represented by Sheila Thomas, San Francisco, California. Deposition taken October 30, 2001.

***Perry v. Marriott International, Inc., et al.*** Sexual harassment case. Superior court California, City and County of San Francisco. Retained by plaintiff represented by Laura Stevens, Berkeley, California. Deposition taken November 15, 2001.

***Veale v. Foodmaker, Inc.*** Sexual harassment case. Federal District Court for the District of Nevada. Retained by plaintiff represented by Jennifer Sims, Las Vegas, Nevada. Deposition taken December 13, 2001.

***Cave v. California Department of Developmental Services, et al.*** Sexual harassment case. Superior Court California, Tulare County. Retained by plaintiff represented by Walter Whelan, Fresno, California. Deposition taken April 11, 2002. Testified at trial April 30, 2002.

***Wong v. City and County of San Francisco, et al,*** gender and national origin discrimination case. Superior Court of California, City and County of San Francisco. Retained by plaintiff represented by William Kwong, San Francisco, California. Deposition taken May 20, 2002.

***Debro v. San Leandro Unified School District, et al,*** retaliation case. Superior Court of California, Alameda County. Retained by plaintiff represented by Julia Sherwin, Oakland, California. Deposition taken June 4, 2002. Testified at trial July 31, 2002.

**Amy Oppenheimer: Case testimony, page four**

*Passeri v. Pacific Life Insurance Company, et al.* Sexual harassment case. Superior Court of California, City and County of San Francisco. Retained by plaintiff represented by Bruce Nye and Geoffrey Faust. Deposition taken August 6, 2002.

*Henderson v. Lafayette Parish School Board.* Parish of Lafayette, State of Louisiana. Retained by plaintiff represented by Anthony Fazzio. Trial deposition taken February 21, 2003.

*Kahan v. Harvest House.* Superior Court of Contra Costa County. Retained by plaintiff represented by Hunter Pyle, Oakland, California. Deposition taken July 8, 2003.

*Beamon v. City of Oakland,* Superior Court of Alameda County. Retained by plaintiff represented by Charles A. Bonner, Sausalito, California. Deposition taken November 11, 2003.

*Velez v. Roche,* United States District Court, Northern District of California. Retained by plaintiff represented by Jack W. Lee. Testified at deposition December 9, 2003. Testified at trial February 2, 2004.

*Williams v. County of Marin,* United States District Court, Northern District of California. Retained by plaintiff represented by Charles A. Bonner, Sausalito, California. Deposition taken August 12, 2004.

*EEOC v. Harris Farms,* United States District Court, Eastern District of California. Retained by plaintiff represented by Linda Ordonio-Dixon. Deposition taken September 22, 2004.

*St. Martin v. Antioch Unified School District,* Contra Costa County Superior Court. Retained by defendant represented by Ian Fellerman, Oakland, California. Deposition taken November 11, 2004.

*Kotla v. Regents of the University of California, et al.,* Alameda County Superior Court. Retained by plaintiff represented by J. Gary Gwilliam, Oakland, California. Deposition taken February 2, 2005. Testified at trial on March 8 and 9, 2005.

*Eden v. Los Alamos Public Schools,* United States District Court, District of New Mexico. Retained by plaintiff represented by George Geran, Santa Fe, New Mexico. Deposition taken April 24, 2005

*Bice v. Signius Communications,* Superior Court of California, County of Sonoma. Retained by defendant represented by Dawn Ross, Santa Rosa, California. Deposition taken June 1, 2005.

**Amy Oppenheimer**
878 Spruce Street
Berkeley, California 94707
510-528-8787
amy@amyopp.com

**RATE SHEET – Expert Witness Work, Investigations and Consulting**

$300/hour for review of documents/deposition transcripts, phone calls, research, preparation, investigations, interviewing witnesses, preparation of reports, travel.

$400/hour for deposition or trial testimony.   Half-day minimum for deposition.  Full day minimum for trial.

Expenses, as incurred (long distance phone calls, travel, copying, faxes, postage).

Minimum $900 retainer to disclose as expert: the $900 will be billed against however if the case resolves prior to the $900 retainer being used, it is not refundable.  No party is authorized to disclose Ms. Oppenheimer as an expert without Ms. Oppenheimer's consent and the payment of the minimum retainer.

Additional retainer arranged on a case-by-case basis.

Revised June 2005

**Exhibit D**