F I L E D
Clerk
District Court

AUG 2 6 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

     Plaintiff,

     v.

MICRO PACIFIC DEVELOPMENT, INC.,
d/b/a Saipan Grand Hotel,

     Defendant.

CASE NO. CV-04-0028-ARM

**ORDER QUASHING SUBPOENA**

     This matter is before the Court on the motion by the plaintiff, Equal Employment Opportunity Commission ("EEOC"), to quash a subpoena duces tecum served on Vincente Torres. Upon consideration of the memoranda of the parties, the arguments of counsel and the applicable law, the Court grants the EEOC's motion and will quash the subpoena.

## A.

     The EEOC filed this public enforcement lawsuit based on allegations that defendant Micro Pacific Development Bank d/b/a Saipan Grand Hotel subjected Julieta Torres and a group of similarly situated women to a sexually hostile work environment. On July 8, 2005, defendant served deposition subpoenas on Vincente Torres and Renen Ansus[1], respectively, Ms. Torres' husband and adult son.

     The subpoena to Vincente Torres demanded the following documents be produced at his deposition:

---

[1] In defendant's opposition to the EEOC's motion to quash, defendant stated that it withdrew the subpoena served on Renen Ansus. Therefore, the Court will not analyze the EEOC's motion to quash as it relates to Mr. Ansus.

1.      Any and all documents or applications you signed or submitted to the U.S. Citizenship and Immigration services (formerly US INS) to change the citizenship or residency status of Julieta Torres.

2.      Any and all documents or applications you signed or submitted to the CNMI government to change the status of Julieta Torres to immediate relative status, including but not limited to, new and renewal applications.

3.      Any and all loan applications, pay check allotments, and credit applications that evidence your debts and obligations of over $500.00 entered into by you between January, 1999 and the present.

On July 21, 2005, the EEOC filed the instant motion to quash the subpoena duces tecum served Vincente Torres. Defendant filed its brief in opposition on August 4, 2005. The EEOC filed a reply on August 18, 2005.

**B.**

The EEOC advances this motion on the grounds that the information sought by the subpoenas is irrelevant to the claims and defenses present in the case and is not reasonably calculated to lead to admissible evidence. As such, the EEOC argues that subpoenas should be quashed by the Court.

A Court shall quash a subpoena if it requires disclosure of privileged or other protected matter or if the subpoena subjects the person to an undue burden. Fed.R.Civ.P. 45(3)(A)(iii)-(iv). Fed.R.Civ.P. 26(b) states that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at the trial if discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

The Court finds that the documents that defendant seeks from Vincente Torres regarding Julieta Torres' immigration status (requests number 1. and 2.) are irrelevant. Defendant contends that the documents submitted for immigration purposes could contain perjurous statements that could be used at trial to call into question Julieta Torres' honesty. Even if Julieta Torres provided false information, Julieta Torres' immigration status and whether she provided accurate answers on her immigration papers does not have a direct bearing or appear reasonably calculated to lead to evidence on whether defendant sexually harassed Julieta Torres. At most, discovery of these documents would lead only to evidence as to Ms. Torres' general honesty. In addition to being irrelevant, the Court also

2

1    believes that permitting defendant to request documents regarding a charging party's immigration

2    status would have a "chilling effect" on the pursuit of this case as well as cause second thoughts to

3    any other non-resident deciding whether to pursue a future Title VII case. See *Rivera v. Nibco, Inc.*,

4    364 F.3d 1057, 1064-65 (9th Cir. 2004). For these reasons, the Court will quash defendant's request

5    for documents regarding Julieta Torres' immigration status and application.

6        The Court will also quash defendant's request for documents relating to the Torres' finances.

7    Like defendant's request for documents relating to Julieta Torres' immigration status, documents

8    relating to the Torres' financial condition and the evidence that could be gleaned from them are too

9    attenuated to have any direct bearing on the claims or defenses advanced in this case. As with the

10    immigration papers, discovery of these documents could at most lead only to evidence as to Ms.

11    Torres' general honesty. The Court notes that question regarding Julieta Torres' motivation for filing

12    this suit can be handled on cross-examination. For these reasons, the Court will grant the EEOC's

13    motion.

14                                         **D.**

15        For the foregoing reasons, it is **ORDERED** that the motion to quash the subpoena duces tecum

16    served on Vincent Torres is **GRANTED**. Accordingly, it is **ORDERED** that the subpoena duces

17    tecum dated July 8, 2005, and served on Vincente Torres, is hereby quashed.

18        **DATED** this 26th day of August, 2005

19

20                                 _____
                               

21                                 Alex R. Munson
                                Chief Judge, United States District Court

22

23

24

25

26

27

28                                                 3