FILED
Clerk
District Court

SEP 0 6 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1

2

3

4

5

6        IN THE UNITED STATES DISTRICT COURT

7        FOR THE NORTHERN MARIANA ISLANDS

8

9   EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION,

10              Plaintiff,                    CASE NO. CV-04-0028-ARM

11      v.                                    **ORDER GRANTING MOTION TO**
                                              **AMEND THE COMPLAINT**
12   MICRO PACIFIC DEVELOPMENT, INC.,
     d/b/a Saipan Grand Hotel,
13
                Defendant.
14

15

16          This matter is before the Court on the motion by the plaintiff, Equal Employment Opportunity

Commission ("EEOC"), to amend the complaint to add Asia Pacific Hotels, Inc. ("APHI") as a

17  defendant in this suit.  Upon consideration of the memoranda of the parties and the applicable law,

18  the Court grants the EEOC's motion .

19          The EEOC states that since the filing of this suit, APHI has purchased the Saipan Grand Hotel

20  from defendant Micro Pacific Development, Inc. ("MPD").    The EEOC claims that APHI is a

21  successor in interest to MPD and is needed in order to effect injunctive relief affecting current

22  employees as well as monetary relief because MPD may lack the ability to pay any judgment.

23          Under Fed.R.Civ.P. 15(a), leave to amend "shall be freely given when justice so requires."

24  Fed.R.Civ.P. 25(c) in turn states that "in case of any transfer of interest, the action may be continued

25  by or against the original party, unless the court upon motion directs the person to whom the interest

26  is transferred to be substituted in the action or joined with the original party." A "transfer of interest"

27  in a corporate context occurs when one corporation becomes the successor to another by merger or

28

1    other acquisition of the interest the original corporate party had in the lawsuit. *Luxliner P.L. Export*

2    *Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993).

3        In a Title VII action, whether a transfer of interest occurred such as to make a successor liable

4    is determined by analyzing three factors:

5        (1) continuity in operations and work force of the successor and predecessor

6        employers;

7        (2) notice to the successor employer of its predecessor's legal obligations; and

8        (3) ability of the predecessor to provide adequate relief directly.

9    *Criswell v. Delta Air Lines, Inc.*, 868 F.2d 1093, 1094 (9th Cir. 1989)(citing *Bates v. Pacific Maritime*

10    *Ass'n*, 744 F.2d 705, 709-710 (9th Cir. 1984)).  The emphasis is on the second and third factors.

11        [T]wo factors [notice and ability to provide relief] are critical to the imposition of
         successor liability. The successor doctrine is derived from equitable principles, and it

12        would be grossly unfair, except in the most exceptional circumstances, to impose
         successor liability on an innocent purchaser when the predecessor is fully capable of

13        providing relief or when the successor did not have the opportunity to protect itself...

14    *Id.* (quoting *Musikiwamba v. Essi, Inc.*, 760 F.2d 740, 750 (7th Cir.1985)).

15        Looking to the first factor, the Court finds that there was a continuity in operations and work

16    force of the successor and predecessor employer.  The building and the people continued to be

17    operated as a hotel under APHI.  APHI even retained its name, "Saipan Grand Hotel."  In addition,

18    substantially the same work force continued to work for the hotel under the new owner, APHI.  Only

19    at the upper management level was there gradual turnover due to the APHI's acquisition of the hotel.

20    Thus, the Court finds the first factor is satisfied.

21        The Court finds the second and third factors satisfied as well.  APHI received notice because

22    the EEOC filed this lawsuit a number of months before the hotel was sold to APHI.  The EEOC seeks

23    injunctive relief in the form of training programs and other directives.  As APHI, not MPD, now owns

24    and operates the hotel, MPD is not in position to provide these programs.  Further, there is evidence

25    that MPD could not fully satisfy any monetary judgment rendered against it in this case.  As the

26    second and third factors as well as the first are satisfied, the Court finds that APHI is a successor in

27

28                                    2

1   liability to MPD and should be joined in this case.

2        Based on the foregoing, it is **ORDERED** that plaintiff Equal Employment Opportunity

3   Commission's motion to amend the complaint is **GRANTED**.

4        **DATED** this _6TH_ day of September 2005

5

6

7                                        _Alex R Munson_

8                                        Alex R. Munson
                                         Chief Judge, United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        3