MICHAEL W. DOTTS, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

*Attorneys for Defendant*
   *Micro Pacific Development, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>vs.<br>MICRO PACIFIC DEVELOPMENT, INC. d/b/a SAIPAN GRAND HOTEL and ASIA PACIFIC HOTELS, INC.,<br><br>Defendants. | CIVIL ACTION NO. 04-0028<br><br>ANSWER OF MICRO PACIFIC DEVELOPMENT, INC. TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |

**COMES NOW** Micro Pacific Development, Inc. and in response to the Second Amended Complaint received by Defendant by fax on September 13, 2005, states as follows:

### I.

### ANSWER

1. Micro Pacific Development, Inc. ("Defendant") admits the allegations contained in paragraphs 1, 5 and 7 of the Amended Complaint, except that Defendant denies that Asia Pacific Hotels, Inc. ("APHI") is a successor to Defendant.

2. Defendant denies the allegations contained in paragraph 10 of the Amended Complaint.

1

3. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraphs 6, 8 and 9 of the Amended Complaint and on that basis denies said allegations.

4. As to the allegations made at paragraph 2 of the Amended Complaint, Defendant admits that its "employment practices" take place in this District, but denies that any of its practice are unlawful.

5. As to the allegations made at paragraph 3 of the Amended Complaint, Defendant admits that Plaintiff has been charged by Congress with enforcing the provisions of 42 U.S.C. §2000e-5(f) and (3), but denies that Plaintiff has been "expressly authorized to bring this action" to the extent that the Plaintiff means Congress has authorized the filing of the Second Amended Complaint in Civil Action 04-0028, as opposed to an authorization to initiate the filing of such complaints in general.

6. As to the allegations made at paragraphs 11, 12 and 13 of the Amended Complaint, Defendant has already denied the factual basis for those allegations by the denial of the allegations made at paragraphs 10. On that basis the allegations made at paragraphs 11, 12 and 13 are also denied.

7. As to the Plaintiffs introductory paragraph under the heading "Nature of the Action", to the extent Plaintiff actually intends by this paragraph to allege a violation of law by Defendant, it is denied. The true "Nature of the Action" is apparently not known to Plaintiff or it would not have brought this action.

8. Defendant denies any allegation that it has not specifically admitted.

9. Defendant denies that Plaintiff is entitled to receive the relief prayed for.

10. Defendant denies that APHI is the "successor" to Defendant as that term is defined by Ninth Circuit law, and on that basis, the allegations made in paragraphs 4, 6, 8 and 14 are denied.

## II.

## AFFIRMATIVE DEFENSES

A. Plaintiff fails to state a claim upon which relief can be granted.

B. Plaintiff has unclean hands for failing to make available education and training to employers in the Commonwealth of the Northern Mariana Islands during the full period of time Plaintiff alleges that the Defendant was in violation of Title VII.

C. The Defendant's conduct in developing its anti-discrimination policies and procedures were reasonable in light of the applicable community standards and the availability of training resources to the Defendant.

D. Real Parties in Interest have unclean hands to the extent they failed to promptly report the conduct to Defendant that is alleged to a have occurred despite the affirmative duty to report such conduct as is required by company rules.

E. Real Parties in Interest assumed the risk by not reporting the alleged offensive conduct.

F. Real Parties in Interest waived their claims by not timely reporting the alleged offensive conduct, or are otherwise barred from recovering by the doctrine of laches.

3

G. Defendant is not responsible for the alleged criminal conduct of Akira Ishikawa.

H. Based on the conduct of Ishikawa as reported by Real Party in Interest Julieta Torres to Defendant, the actions taken by Defendant were reasonable and appropriate.

I. Real Party in Interest Julieta Torres engaged in conduct that invited the alleged wrongful conduct of Akira Ishikawa.

J. Real Parties in Interest have no damages.

K. The Defendant exercised reasonable care to prevent and correct any sexually harassing behavior and the Real Parties in Interest unreasonably failed to take advantage of the preventive and corrective opportunities provided by the Defendant.

L. Micro Pacific, Inc. is not the employer of two of the Real Parties in Interest – Arcely Sison and Aurora Salac – and therefore cannot violate Title VII with respect to them.

M. Defendant is entitled to recover attorneys fees and costs incurred as a result of having to defend this action and hereby gives notice that it will seek this relief.

N. The Treaty of Friendship and international law act as a bar to Plaintiff's Complaint.

O. APHI is not Defendant's successor.

### III.

### JURY DEMAND

WHEREFORE, Micro Pacific Development, Inc. demands trial by jury on all issues and claims raised and made in the Second Amended Complaint and on the affirmative defenses set forth herein.

Dated: September 13, 2005.

                                        Respectfully submitted,
                                        O'CONNOR BERMAN DOTTS & BANES

                                        By: _____
                                              MICHAEL W. DOTTS

K:\Lolit\Saipan Grand (2793)\2793-05-050913-PL-AnswerTo2ndAmenddCompl&Dmnd4JTrial-leb.doc