FILED
Clerk
District Court

DEC 21 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

WILLIAM R. TAMAYO - #084965 (CA)
DAVID F. OFFEN-BROWN - #063321 (CA)
LINDA ORDONIO-DIXON - #172830 (CA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5654
Fax No. (415) 625-5657

*Attorneys for Plaintiff*


MICHAEL W. DOTTS
O'CONNOR BERMAN DOTTS & BANES
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Fax No. (670) 234-5683

*Attorneys for Defendant Micro Pacific
   Development, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MICRO PACIFIC DEVELOPMENT INC. d/b/a SAIPAN GRAND HOTEL and ASIA PACIFIC HOTELS INC. d/b/a SAIPAN GRAND HOTEL<br><br>Defendants. | CIVIL ACTION NO. 04-0028<br><br><br>~~[PROPOSED]~~ *ARM*<br>JOINT CONSENT DECREE |

1

## I. INTRODUCTION

On September 23, 2004, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), and Title I of the Civil Rights Act of 1991. The EEOC alleged that Defendant Micro Pacific Development Inc. ("MPD") discriminated against Charging Party Julieta Torres and other similarly situated female employees. Specifically, the EEOC alleged that the women were subjected to a sexually hostile work environment. MPD denied all claims and asserted various affirmative defenses. After the initial filing of the instant suit, MPD sold its hotel property to Asia Pacific Hotels Inc.("APHI") and determined to close its business on Saipan and dissolve by the end of January, 2006. On September 12, 2004, the EEOC filed an Amended Complaint adding APHI as defendant under a theory of successor liability. This case settled before APHI was served with the Amended Complaint but APHI participated in the settlement of this action.

## II. NON-ADMISSION OF LIABILITY

This consent decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation of Title VII by any Defendant.

The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves the Consent Decree in its entirety.

Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## III. GENERAL PROVISIONS

1. This Court has jurisdiction over the subject matter and the parties to this action.

2. This Consent Decree constitutes a full resolution of the EEOC's complaint in Civil Action No. 04-0028.

3. This Consent Decree shall become effective upon its entry by the Court.

4. This Consent Decree is final and binding upon the Parties, their successors and assigns.

5. The EEOC and Defendants shall bear their own costs and attorney fees.

6. The EEOC, APHI and MPD have prepared a Joint Press Release concerning this Consent Decree and the case (copy attached as Exhibit "A") and the distribution of that Joint Press Release shall be the only public comment the Parties shall initiate specifically regarding this settlement. The EEOC agrees to disseminate the press release. Any additional comment from the EEOC made in response to inquiries from non-parties shall come from EEOC Officials Joan Ehrlich, William Tamayo or Timothy Reira only. Non-parties who contact the EEOC regarding this matter shall be provided the contact information for MPD's counsel. Nothing herein shall be interpreted to preclude EEOC, APHI and MPD from complying with their own reporting requirements, training programs, community outreach or pursuant to judicial process.

IV.   **GENERAL INJUNCTIVE RELIEF**

1.   **Sexual Harassment**

Defendants MPD and its successors and assigns (including APHI), hereby agree not to engage in or be a party to any action, policy or practice that is intended to or is known to them to have the effect of sexually harassing or intimidating any employee on the basis of sex, or to create, facilitate or permit the existence of discrimination on the basis of sex.

   2.   **Retaliation**

Defendants MPD and its successors and assigns (including APHI), agree not to engage in, implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee of any Defendant because he or she complained about sexual harassment, filed a charge of discrimination alleging any such practice; testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by any Defendant), proceeding or hearing in connection with this case, and/or relating to any claim of sexual harassment or retaliation, or; was identified as a possible witness in this action.

V.   **SPECIFIC INJUNCTIVE RELIEF TO BE UNDERTAKEN BY DEFENDANT MPD**

MPD represents that the company will dissolve in approximately January of 2006. If the company takes all steps necessary for it to dissolve, and ceases all business activities, and has no employees by February 28, 2006, no further injunctive relief as set out below in this Section V. need be taken. However, if the company does not in good faith make every effort to complete dissolution by February 28, 2006, or at any time thereafter reestablishes its business, Defendant MPD shall take the following measures to prevent sexual harassment at the company:

   1.   **Policy Changes**

No later than April 1, 2006, Defendant MPD will institute and implement for its employees a written personnel policy with the following:

(i) a specific statement insuring an employee's right to complain regarding sexual harassment and retaliation;

(ii) specific contact information for those employees designated to receive complaints;

(iii) a prompt timetable for commencing an investigation after a complaint is made, and for responding to the request or complaint;

(iv) a provision which requires that promptly upon the conclusion of its investigation of a complaint, Defendant will communicate to the employee the company's decision on the results of the investigation and the remedial actions taken or proposed;

(v) the policy will be translated into the Chamorro, Japanese and Tagalog languages.

**2. Policy Dissemination:**

(i) No later than May 1, 2006, the policy written in the English language, as revised above, will be hand -delivered to each and every employee of MPD. In addition, a copy of the foreign language translations of the policy shall given to those workers with a proficiency in those languages;

(ii) Each worker shall be asked to sign an acknowledgment that he or she has received and read the policy. The same acknowledgment shall be required of all newly hired employees, including all managers and supervisors, at the start of their employment.; and

(iii) the revised policy will be posted on all company bulletin boards for the duration of the decree. Defendant MPD will monitor the notices and replace within ten (10) days any notice which is defaced or removed.

**3. Supervisor Accountability Policy:**

(i) Defendant MPD agrees that it shall impose substantial discipline – up to and including termination, suspension without pay or demotion – upon any supervisor or other manager, who engage in sexual harassment or retaliation or, who permit any such conduct to occur in his or her work area or among his subordinates;

(ii) Supervisors and managers also shall be accountable for promptly considering and responding to and referring complaints of sexual harassment and/or retaliation to the individuals charged with handling such complaints;

(iii) Defendant MPD agrees that it will advise all current and new managers and supervisors of their duties under these revised policies;

(iv) Defendant MPD agrees that it will revise its supervisor appraisal process, as necessary, to ensure that appropriate communication of anti-discrimination policies and appropriate handling of sexual harassment complaints are included as an element of the appraisals.

(v) Defendant MPD shall will never employ Akira Ishikawa as an employee, independent contractor, or in any other capacity. *[handwritten: see ¶ of page 10 line 10 & 11]*

4.   **Complaint and Investigation Procedure**

Defendant MPD shall revise its complaint procedure, as necessary, in order to ensure that it is designed to encourage employees to come forward with complaints of sexual harassment and/or retaliation.

As part of the policy, Defendant MPD shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of sexual harassment and retaliation. Defendant MPD shall designate at least one employee for every fifty employees as a contact person with responsibility for responding to and/or turning complaints over to those employees or third parties designated as complaint investigators. To the extent possible, Defendant MPD will try to insure that at least one of the contact persons is female. The names of the contact persons, their work locations and telephone numbers shall be listed on the policy, and also shall be routinely and continuously posted on company bulletin boards.

The complaint procedure shall provide that: (a) complaints of discrimination or harassment and/or retaliation will be accepted by the company both in writing and orally; (b) the company will provide a timetable for commencing an investigation after a complaint is made or received, and for remedial action to be taken upon conclusion of an investigation; and (c) promptly upon the conclusion of the investigation of a complaint, the hotel will communicate to the employee the results of the investigation, including what remedial actions have been taken, or are planned.

**5. Training Program**

No later than June 1, 2006, Defendant MPD will present to all of its current and new employees, including managerial/supervisorial employees, at least two hours of mandatory equal employment opportunity training, once every year for the duration of this Consent Decree. The training shall include the use of translators for those employees with a limited knowledge of English. The cost of the training shall be borne by MPD.

The training described in the preceding paragraph shall be in-person training, accompanied by materials prepared by experienced educators and/or investigators, and shall educate the employees about the problems of discrimination in the workplace. The purpose of the training will be to give participants a thorough understanding of discrimination and harassment issues, including but not limited to theories of liability under Title VII, sources of legal protection for victims of discrimination and harassment, and the employer's obligation to take preventive, investigative, and remedial action with respect to discrimination and harassment complaints, and to review company policies (including discipline policies) and practices related to discrimination, harassment and retaliation. The training will further inform each participant that he or she is responsible for knowing and complying with the contents of MPD's equal employment opportunity policy.

Managers and Supervisors tasked with receiving employee discrimination complaints shall receive an additional four hours of training once every year for the duration of this Consent Decree on the employer's responsibility to provide a workplace free of sexual harassment and retaliation, appropriate techniques for investigating discrimination and harassment, and remedying it.

Defendant MPD shall provide to the EEOC twenty-one (21) days in advance of the each training a copy of the course syllabus for the training.

All persons attending each mandatory equal employment opportunity training shall sign an acknowledgment of his or her attendance at the training, the date thereof, and his or her position with the company. All participants shall also be given a questionnaire through which they will be asked to critique the training and to provide suggestions to improve future training sessions. Defendant MPD will provide a copy of these attendance records, the completed post-training questionnaires, and the training materials to the EEOC within thirty (30) days of completion of the trainings.

## VII.    SPECIFIC INJUNCTIVE RELIEF TO BE UNDERTAKEN BY DEFENDANT APHI

### 1.    Policy Changes

Within thirty (30) days after entry of this Consent Decree, Defendant APHI will revise its Personnel Policies at Saipan Grand Hotel as follows:

(i) the policy will include a specific statement insuring an employee's right to complain regarding sexual harassment and retaliation;

(ii) the policy will provide specific contact information for those employees designated to receive complaints;

(iii) the policy will provide a prompt timetable for commencing an investigation after a

complaint is made, and for responding to the request or complaint;

(iv) the policy will require that promptly upon the conclusion of its investigation of a complaint, Defendant will communicate to the employee the company's decision on the results of the investigation and the remedial actions taken or proposed;

(v) the policy will be translated into the Chamorro, Japanese and Tagalog languages.

**2. Policy Dissemination:**

(i) beginning within 60 days of the entry of this decree, the policy written in the English language, as revised above, will be hand-delivered to each and every worker at Saipan Grand Hotel. In addition, a copy of the foreign language translations of the policy shall given to those workers with a proficiency in those languages;

(ii) Each worker shall be asked to sign an acknowledgment that he or she has received and read the policy. The same acknowledgment shall be required of all newly hired employees, including all managers and supervisors, at the start of their employment.; and

(iii) the revised policy will be posted on all company bulletin boards for the duration of the decree. Defendant APHI will monitor the notices and replace within ten (10) days any notice which is defaced or removed.

**3. Supervisor Accountability Policy:**

(i) Defendant APHI agrees that it shall impose substantial discipline – up to and including termination, suspension without pay or demotion – upon any supervisor or other manager, who engages in sexual harassment or retaliation or who permits any such conduct to occur in his or her work area or among Saipan Grand Hotel workers;

(ii) Supervisors and managers also shall be accountable for promptly considering and

responding to and referring complaints of sexual harassment and/or retaliation to the individuals charged with handling such complaints;

(iii) Defendant APHI agrees that it will advise all current and new managers and supervisors of their duties under these revised policies;

(iv) Defendant APHI agrees that it will revise its supervisor appraisal process, as necessary, to ensure that appropriate communication of anti-discrimination policies and appropriate handling of sexual harassment complaints are included as an element of the appraisals.

(v) Neither Defendant MPD nor Defendant APHI shall ever employ Akira Ishikawa as an employee, independent contractor, or in any other capacity.

## 4.  Complaint and Investigation Procedure

Defendant APHI shall revise its complaint procedure, as necessary, in order to ensure that it is designed to encourage employees to come forward with complaints of sexual harassment and/or retaliation.

As part of the policy, Defendant APHI shall provide Saipan Grand Hotel workers with convenient, confidential and reliable mechanisms for reporting incidents of sexual harassment and retaliation. Defendant APHI shall designate at least three employees as contact persons with responsibility for responding to and/or turning complaints over to those employees or third parties designated as complaint investigators. At least one of the contact persons will be female. The names of the contact persons, their work locations and telephone numbers shall be listed on the policy, and also shall be routinely and continuously posted in a prominent place at the Saipan Grand Hotel.

The complaint procedure shall provide that: (a) complaints of discrimination or harassment and/or retaliation will be accepted by Saipan Grand Hotel both in writing and orally; (b) the hotel

will provide a timetable for commencing an investigation after a complaint is made or received, and for remedial action to be taken upon conclusion of an investigation; and (c) promptly upon the conclusion of the investigation of a complaint, the hotel will communicate to the employee the results of the investigation, including what remedial actions have been taken, or are planned.

### 5. Training Program

Defendant APHI will present to all of its current and new employees at the Saipan Grand Hotel, including managerial/supervisorial employees, at least two hours of mandatory equal employment opportunity training, once every year for the duration of this Consent Decree. The first training shall be held within a reasonable period mutually agreed upon by the parties, but no later than ninety (90) days after the entry of this Consent Decree. The training shall include the use of translators for those employees with a limited knowledge of English. The cost of the training shall be borne by Defendant APHI.

The training described in the preceding paragraph shall be in-person training, accompanied by materials prepared by experienced educators and/or investigators, and shall educate the employees about the problems of discrimination in the workplace. The purpose of the training will be to give participants a thorough understanding of discrimination and harassment issues, including but not limited to theories of liability under Title VII, sources of legal protection for victims of discrimination and harassment, and the employer's obligation to take preventive, investigative, and remedial action with respect to discrimination and harassment complaints, and to review company policies (including discipline policies) and practices related to discrimination, harassment and retaliation. The training will further inform each participant that he or she is responsible for knowing and complying with the contents of Saipan Grand Hotel's equal employment opportunity policy.

Managers and Supervisors tasked with receiving employee discrimination complaints shall receive an additional four hours of training once every year for the duration of this Consent Decree on the employer's responsibility to provide a workplace free of sexual harassment and retaliation, appropriate techniques for investigating discrimination and harassment, and remedying it.

Defendant APHI shall provide to the EEOC twenty-one (21) days in advance of each training a copy of the course syllabus for the training.

All persons attending each mandatory equal employment opportunity training shall sign an acknowledgment of his or her attendance at the training, the date thereof, and his or her position with the company. All participants shall also be given a questionnaire through which they will be asked to critique the training and to provide suggestions to improve future training sessions. Defendant APHI will provide a copy of these attendance records, the completed post-training questionnaires, and the training materials to the EEOC within thirty (30) days of completion of the trainings.

## VIII. MONETARY RELIEF

1. Defendant MPD will pay monetary damages in the amount of One Hundred Seventy Five Thousand Dollars ($175,000.00) in full settlement of the discrimination claims made in this lawsuit or that could have been brought by the Plaintiff in this lawsuit, both known at the time of entering into this Consent Decree, and unknown. These funds shall be paid by cashiers check made payable to the following individual in the indicated amount: Julieta Torres - One Hundred Thousand Dollars ($100,000.00); Aurora Salac - Thirty Thousand Dollars ($30,000.00); Arcely Sison - Thirty Thousand Dollars ($30,000.00); and, Remiang Sebuu - Fifteen Thousand Dollars ($15,000.00). Defendants shall hand-deliver the cashiers checks, no later than forty-five (45) days after the entry

of this Consent Decree, to James Benedetto, Federal Ombudsman, Federal Ombudsman's Office, U.S. Dept. of the Interior, Office of Insular Affairs, Suite 203, Marina Heights II, Saipan, MP, 96950. Mr. Benedetto will insure the delivery of the checks to the claimants on behalf of the EEOC.

2. The amounts above shall be characterized as compensatory damages and are being paid in complete compromise of all disputed issues arising out of the Complaint filed in this lawsuit, Civil Action No. C-04-0028 EEOC v. Micro Pacific Development Inc./Asia Pacific Hotels Inc. d/b/a Saipan Grand Hotel in the United States District Court for the Northern Mariana Islands or that relate to alleged violations of Title VII by MPD as of the date of entering into this Consent Decree.

## IX. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

1. After signing of this Consent Decree, this lawsuit will be dismissed. If the EEOC determines that MPD or APHI has not complied with the Consent Decree, the EEOC will provide written notification of the alleged breach to the party alleged to be in breach, and will not petition the Court for enforcement sooner than thirty (30) days after providing said written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the EEOC petitions the Court and the Court finds that APHI or MPD are in substantial violation of the terms of the Decree, the Court may enforce this Consent Decree and/or provide other appropriate relief.

2. The prevailing party in connection with any civil action to enforce compliance with the terms and conditions of this Consent Decree shall be entitled to its reasonable costs and attorneys' fees.

3. The Court shall retain enforcement jurisdiction over this matter for a period of three years

from the date of execution by the parties for the purpose of enforcing the provisions of this Consent Decree, pursuant to paragraph 1 above.

    4.   If any provisions of this Consent Decree is found to be unenforceable by a court of competent jurisdiction, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force and effect.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

[PROPOSED] CONSENT DECREE
C-04-0028                                                      14

On behalf of defendant MICRO PACIFIC DEVELOPMENT INC.:

Dated: December 22, 2005

MICHAEL W. DOTTS

On behalf of defendant ASIA PACIFIC HOTELS INC.:

Dated: December 22, 2005

COLIN M. THOMPSON

On behalf of Plaintiff EEOC:

JAMES LEE
Deputy General Counsel
EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION

Dated: December 20, 2005

WILLIAM R. TAMAYO
Regional Attorney

Dated: December 20, 2005

DAVID OFFEN-BROWN
Supervisory Trial Attorney

**IT IS SO ORDERED:**

DATED: 12-23-2005

ALEX R. MUNSON
UNITED STATES DISTRICT COURT JUDGE

[PROPOSED] CONSENT DECREE
C-04-0028                        15

RECEIVED
DEC 22 2005
Clerk
District Court
For The Northern Mariana Islands

# PRESS RELEASE

## EEOC and Micro-Pacific Settle Sexual Harassment Suit
***$175,000 for CNMI Hotel Workers***

**Contact Information:**

| | |
|---|---|
| **Joan Ehrlich, EEOC SFDO District Director** | W(415) 625-5611<br>M(415) 238-0973 |
| **William Tamayo, EEOC SFDO Regional Attorney** | W(415)625-5645<br>M(415) 336-8805 |
| **Timothy Riera, EEOC Honolulu Local Director** | W(808) 541-3722<br>M(808) 371-4251 |
| **Michael Dotts, Attorney for Micro Pacific Dev. Inc.** | W(670) 234-5684 |
| **Colin Thompson, Attorney for Asia Pacific Hotels** | W(670) 233-0777 |

SAIPAN, Commonwealth of the Northern Mariana Islands – The U.S. Employment Opportunity Commission (EEOC) announced a $175,000 settlement resolving sexual harassment lawsuit alleging that four female kitchen employees were sexually harassed at the Saipan Grand Hotel from approximately 1998 to 2002, while the hotel was owned by Micro Pacific Development, Inc. In 2005, Asia Pacific Hotels, Inc. acquired the hotel and although named in the lawsuit as a successor, was considered faultless in the matter.

Under the terms of the Consent Decree signed by Judge Alex R. Munson, Micro Pacific, as the company which owned the hotel during the alleged discrimination, will pay Julieta Torres and three other women a total of $175,000, but denies all liability in the case. As the current hotel owner, Asia Pacific has agreed to institute training and policies to protect Saipan Grand workers from future discrimination for the next three years.

Mrs. Torres, who filed the initial charge with EEOC, was pleased to have the matter resolved: "I hope this case will encourage employees who are too scared to speak out about discrimination to contract the EEOC. The EEOC listened to us and took action."

Likewise, Micro Pacific expressed pleasure with the resolution of the matter. "The company is pleased to put this matter behind it," said Micro Pacific's attorney, Michael Dotts, on behalf of Micro Pacific.

EEOC San Francisco District Director H. Joan Ehrlich stated: "We commend the MPDI and APHI for their cooperation in resolving this case. By avoiding the time, expense and disruption of protracted litigation, resolution is always in the interest of all parties involved."

The EEOC's lawsuit asserted that an assistant chef in one of the hotel's restaurants sexually harassed Mrs. Torres and other female staff, including physical, verbal and visual harassment. These allegations were all denied and the settlement avoids a determination of what actually happened.

EEOC Honolulu Local Director Tim Riera said, "Sexual harassment is a continuing problem. Our agency continues to receive many sexual harassment charges involving allegations like this one, that are particularly egregious. Employers should send a clear message to the workplace that sexual harassment will not be tolerated."

According to the EEOC, although Mrs. Torres notified company managers, Micro Pacific failed to take appropriate corrective action in response to her complaints. Even after

the harasser admitted he sexually harassed Mrs. Torres, the company waited for more than six months to terminate him while she was forced to transfer out of her position to avoid him. The EEOC believes they would have shown at trial that Micro Pacific managers received no sexual harassment training and that the company's anti-discrimination policies were inadequate.

In response, Micro Pacific stated that Mrs. Torres did not make the same complaint to the company that she did to the EEOC, three months after the incident occurred. In response to what Mrs. Torres did tell the company, the assistant chef was suspended without pay and later, when Mrs. Torres disclosed the full extent of what she claimed had happened, the employment of the assistant chef was discontinued. Micro Pacific believes that had the matter gone to trial, the jury would have found that its training of its managers was adequate, as was the company's written anti-discrimination policy contained in its personnel handbook.

EEOC Regional Attorney William Tamayo said, "Employers have a legal obligation to immediately address complaints and to take appropriate corrective action. In particular, companies should insure that complaints are dealt with by trained personnel. Asia Pacific's willingness to take preventative measures against discrimination is commendable, and we hope that other employers will follow suit."

On behalf of Asia Pacific Hotel's, Inc. Colin Thompson stated that the company believes in training its supervisors to recognize and prevent sexual harassment. "We want our employees to truly enjoy working for us. Our management works very hard with that goal in mind."

In addition to Title VII, EEOC enforces the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967 and the Equal Pay Act. As part of the San Francisco District, EEOC's Honolulu Local Office is responsible for investigating discrimination complaints against employers located in the Commonwealth of Northern Mariana Islands, Guam, American Samoa, Wake Island and Hawaii. For more information about the Commission, please visit www.eeoc.gov. Counsel for Micro Pacific is available at www.pacific-lawyers.com.

# # #

K:\Jude\2793-Saipan Grand\2793-05-051217-LODixon-Final Revision of PR w Contact Info.doc